# Tate *v*. The State.

*Indictment for Perjury.*

1.   *Cross-examination of witness.*—A witness testifying to the ownership or identity of a hog, alleged to have been stolen and killed, may be asked, on cross-examination, "how he knew that it was the hog."

FROM the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case, Sallie Tate, was indicted for perjury, alleged to have been committed while testifying as a witness on the trial of one Josh. Cade under an indictment for the larceny of a hog, the property of Stephen Boggus. On the trial, as the bill of exceptions shows, the prosecution adduced evidence showing the testimony given by the defendant as a witness on the trial of Josh. Cade, and other evidence showing that her said testimony was false. "Stephen Boggus, a witness for State, testified that, on the night his hog was stolen, he saw Josh. Cade and Billy Turner cleaning a hog at defendant's house, which hog was his." "After the argument to the jury had commenced, the defendant's counsel called the attention of the court to the fact, that the prosecution had not proved that the hog cleaned at the defendant's house was the hog alleged to have been stolen by Josh. Cade." Stephen Boggus was thereupon again put on the stand, against the objection of the defendant, "and did say that the hog killed and cleaned at defendant's house, was his hog, and the hog alleged to have been stolen by Josh. Cade. The defendant's counsel then asked the witness, how he knew that it was the hog ? The State objected to this question, on the ground that it was irrelevant." The court sustained the objection, and defendant excepted.

[Hussey v. The State.]

Jno. C. Anderson, for the appellant.

Thos. N. McClellan, Attorney-General, for the State.

STONE, C. J.—The Constitution, Art. 1, § 7, secures to every one on trial for a public offense the right "to be confronted by the witnesses against him." This constitutional right would lose half its value, if the kindred right of cross-examination were denied. That right is probably and generally the most effective instrumentality for eliciting the witness' "means of obtaining correct and certain knowledge of the facts to which he bears testimony."—1 Greenl. Ev., § 446. It is only by virtue of it, and of .its presumed exercise, that testimony once given may be proved, after the death of the witness, in a subsequent trial between the same parties concerning the same subject-matter.—*Marler v. State*, 2 Ala. 55; 3 Brick. Dig. 441, §§ 523 *et seq.* The Circuit Court erred in denying to the accused the right to cross-examine the witness Boggus on his re-examination. It was clearly permissible to ascertain the grounds or sources of his knowledge, of that which he had testified to as a fact.

There is nothing in the other objections urged.

Reversed and remanded.