## 14497.   BROWN v. THE STATE.

That a person is present and aiding in the manufacture of intoxicating liquor at a still at which such liquor is found does not necessarily show that he is guilty of the offense of having, possessing, and controlling such liquor.

DECIDED JUNE 12, 1923.

Accusation of possessing liquor; from city court of Polk county — Judge Tison.   March 20, 1923.

*S. W. Ragsdale, W. K. Fielder,* for plaintiff in error.

*J. A. Wright, solicitor,* contra.

BLOODWORTH, J.   The accused was tried on an accusation which alleged that he did " unlawfully receive, have, control and possess " intoxicating and prohibited liquors.   Complaint is made of the following instructions given to the jury:  " I charge you that there are no accessories in misdemeanors.   All who participate in the commission of a misdemeanor are equally guilty.   The manufacture of intoxicating liquors is a felony.   Any one who

assists in the manufacture of intoxicating liquors would be guilty of a felony for the manufacture of liquors. If you believe that in the county of Polk on or about the day named in the accusation, that intoxicating liquors were found at the still that the defendant had manufactured, or assisted in the manufacture of, and that the defendant was present manufacturing or assisting in the manufacture of the liquors so found at the still, if you believe that those facts have been established beyond a reasonable doubt you would be authorized to convict the defendant of having, controlling, and possessing intoxicating liquors; in other words, you would be authorized to find him guilty of the charge made against him in this accusation, if you believe that those facts have been established beyond a reasonable doubt." Under the facts of this case this portion of the charge was error requiring the grant of a new trial. From the fact that a person is present and aiding in the manufacture of intoxicating liquor and would be guilty of that charge, it does not necessarily follow that he is also guilty of having, possessing and controlling the liquor. He might be an employee only having certain specific work to do in connection with the manufacture of the liquor without being in possession of any of the manufactured product or without having any control over it. In *Morgan* v. *State,* 28 *Ga. App.* 358 (111 S. E. 72), Chief Judge Broyles (p. 360) uses this illustration, and the principle announced is applicable here: "Suppose . . that A is present at the distillery at all times while B is there, and that A at all times has the exclusive custody, possession, and control of the whisky and the ingredients from which it is made, B never touching the ingredients or the whisky, and having no interest whatever in them, and doing no work except to cut wood and keep up the fire. It is clear that while B would be guilty of manufacturing whisky, he would not be guilty of having the whisky in his possession or control."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*