HESS v. STATE OF INDIANA.

ASHER v. STATE OF INDIANA.

RICE v. STATE OF INDIANA.

COX v. STATE OF INDIANA.

[Nos. 24,238, 24,265, 24,303, 24,328. Filed October 10, 1923.]

INTOXICATING LIQUORS.—*Possession.—Verdict.—Evidence.—Sufficiency.*—Where the evidence only showed that the defendant had intoxicating liquors in his possession at any place other than his home, *held* not sufficient in itself to sustain a conviction for violation of the Prohibition Law.

No. 24,238 from Vigo Circuit Court; *John P. Jeffries,* Judge.

Nos. 24,265 and 24,328 from Delaware Circuit Court; *Clarence W. Dearth,* Judge.

No. 24,303 from Delaware Circuit Court; *Lincoln Lesh,* Special Judge.

Prosecution by the State of Indiana against Frank R. Hess, Court Asher, James Rice and John Cox. From judgments of conviction, the defendants appeal. *Reversed.*

*Josiah T. Walker, W. A. Thompson, John T. Walterhouse* and *Thomas V. Miller,* for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

PER CURIAM.—Each appellant was charged by affidavit with having had possession of intoxicating liquors. The affidavits against James Rice and John Cox, respectively, charged nothing else, and a motion to quash the affidavit in each case was overruled. The

affidavits against Frank R. Hess and Court Asher, respectively, charged that each had had possession of intoxicating liquor, but also charged the commission of certain other offenses. But no evidence was presented against Asher that he had done anything, except that he was found at the foot of a stair which led to a room on the third floor of a building, in which room was found a quantity of "white mule" whisky, and that he had a key which would unlock the door of that room. And if this justified an inference that the whiskey in the room was in his possession (as to which we decide nothing), it did not prove anything more. And at the trial of Frank R. Hess, after he had testified that the alleged liquor found in his place of business was a tonic which he purchased in 1916 as medicine for his mother, the court gave an instruction that if he had intoxicating liquor in his possession at any place other than in his home, it constituted a violation of the law. Under the construction placed on the law by this court in Crabbs v. State (1923), ante 248, 139 N. E. 180, and Powell v. State (1923), ante 258, 139 N. E. 670, this instruction was erroneous; the evidence as above recited was not sufficient to sustain the verdict against Asher; and the affidavits against Rice and against Cox, respectively, did not state facts sufficient to withstand the motions to quash.

On the authority of the cases cited, the judgment in each of the above-entitled cases is reversed, with directions to the Delaware Circuit Court to sustain the motions to quash the affidavits in each of the cases of James Rice v. State of Indiana, and John Cox v. State of Indiana, and to sustain the motion for a new trial in the case of Court Asher v. State of Indiana; and with instructions to the Vigo Circuit Court to sustain the motion for a new trial in the case of Frank R. Hess v. State of Indiana.