## HARBIN v. STATE. (6 Div. 44.)

(Court of Appeals of Alabama. Dec. 4, 1923. Rehearings Denied Dec. 18, 1923. Affirmed on Mandate April 8, 1924. Rehearing Denied April 15, 1924.)

On Rehearing.

1. Intoxicating liquors ⬅139—What constitutes, "possession," prohibited by statute stated.

"Possession" of intoxicating liquor, prohibited by Acts 1919, p. 7, § 2, includes any possession by manucaption or physical dominion, and it is none the less an unlawful possession because it is by permission of the owner of the liquor and in his immediate presence for the sole purpose of taking a drink.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

2. Courts ⬅91(1) — Decisions of Supreme Court in construing statute govern Court of Appeals.

In view of Acts 1911, p. 100, § 10, decisions of the Supreme Court, construing a statute, govern holdings and decisions of the Court of Appeals.

3. Witnesses ⬅268(1)—Right of defendant to cross-examine state's witness held invaded.

In prosecution for unlawful possession of intoxicating liquors, under Acts 1919, p. 7, §

2, where state's witness testified that one C. S. was with defendant at the time he had possession of the liquor, *held*, that court invaded defendant's right to cross-examine state's witness when it sustained objections to questions whether C. S. referred to was a noted bootlegger in that community, who had been convicted and sentenced for selling whisky; defendant's contention being that the liquor was not his but was in the possession of C. S.

**4. Witnesses ⬡⟿329—May be cross-examined to test reliability.**

Accused has right to cross-examine to test the credibility, memory, means of knowledge, and accuracy of a witness.

**5. Intoxicating liquors ⬡⟿239(1)—Instruction as to interest in whisky, alleged to be in unlawful possession, held not erroneous.**

In prosecution for unlawful possession of whisky, under Acts 1919, p. 7, § 2, an exception to charge of the court in the alternative, "but if H. (defendant) had any interest in that whisky, * * * then he would be guilty," *held* without merit.

**6. Intoxicating liquors ⬡⟿242—Fixing by court of punishment at hard labor instead of fine held proper under statute.**

Code 1907, § 7630, providing that, when an offense may be punished in addition to a fine by imprisonment or hard labor, the jury shall not be required to impose a fine, but may leave the imposition of the punishment to the court, applies to a prosecution for unlawful possession of whisky, under Acts 1919, p. 7, § 2.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

G. L. Harbin was convicted of possessing prohibited liquors, and appealed. A judgment reversing the conviction was reversed and the conviction affirmed by the Supreme Court (97 South. 426 [1]), and, after remand, the conviction was again reversed on other grounds, and the Supreme Court again reversed the judgment (210 Ala. 667, 99 South. 100). Affirmed on mandate.

A. A. Griffith, of Cullman, for appellant.

Under the evidence the defendant was entitled to have the jury instructed that it is no offense under the law for a person merely to go with another to take a drink, and further that a probability that some other person owned and had possession of the liquor was sufficient to create a reasonable doubt of defendant's guilt. Pickins v. State, 115 Ala. 42, 22 South. 551; Spraggins v. State, 139 Ala. 93, 35 South. 1000; Fleming v. State, 150 Ala. 19, 43 South. 219; Bardin v. State, 143 Ala. 74, 38 South. 833. It was error for the court to deny to defendant the right to cross-examine the witness Willoughby as to the identity of Stubbs. Amos v. State, 96 Ala. 120, 11 South. 424; Thompson v. State, 100 Ala. 70, 14 South. 878; Noblin v. State, 100 Ala. 13, 14 South. 767; Tate v. State, 86 Ala. 33, 5 South. 575; Miles v. Hines, 205 Ala. 83, 87 South. 837; Wesley v. State, 52 Ala. 187; 11 Ency. Evi. 372.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is a violation of the law for one to accept the delivery of, or to receive, have in possession, or possess prohibited liquors. Defendant's requested charges were properly refused. Fox v. State, 17 Ala. App. 559, 87 South. 621; Hidgon v. State, 1 Ala. App. 174, 56 South. 13; McKinney v. State, 12 Ala. App. 155, 60 South. 518; 1 Mayfield's Dig. 582; Campbell v. State, 3 Ala. App. 76, 57 South. 412. The evidence sought by the cross-examination of witness Willoughby was not admissible. Toliver v. State, 142 Ala. 3, 38 South. 801; Bennett v. State, 52 Ala. 370; 1 Mayfield's Dig. 154, 335.

BRICKEN, P. J. The appellant was convicted of an offense denounced by section 2 of an act approved January 25, 1919; the complaint upon which the conviction is predicated charging that appellant "had in his possession prohibited liquors contrary to law." Acts 1919, p. 6, § 2.

[1] The state offered evidence tending to show that appellant and another were apprehended by the sheriff in a woods, where the sheriff and his deputies had been watching a jug of liquor that they had discovered; when apprehended appellant had the jug in his arms in the act of drawing the cork; that he had on his person some bottles such as are used as containers of liquor. The defendant, however, offered evidence tending to show that he had no interest in the liquor; that it was not on his premises; that he had merely gone with the other person, one Stubbs, and on the invitation of Stubbs to take a drink; that he did not have the jug in his arms, but had a dipper in his hand waiting for the jug to be opened, and before the jug was opened the sheriff and his deputies apprehended appellant and Stubbs and seized the liquor. On this evidence appellant asked, among other charges, the following:

"The court charges the jury that it is not an offense under the law for a person merely to go with another person to another place for the purpose of taking a drink of whisky, and, if after consideration of the evidence in this case, the jury are satisfied beyond a reasonable doubt that the defendant merely went with Stubbs to get a drink of whisky, and that the whisky belonged to Stubbs, and was in possession of Stubbs, your verdict must be for defendant."

The court refused this charge, and in so doing committed error.

The statute makes it unlawful—

"for any common or other carrier, or any other person, corporation or association or combination of persons, to carry, bring or introduce into this state, or to deliver to any per-

son whomsoever in this state, any of the prohibited liquors and beverages as defined by this act and by the existing laws of the state of Alabama, in any quantity whatsoever, whether in original packages or otherwise, and although brought from a point without the state of Alabama, or to accept the delivery of or to receive, have in possession, or possess in this state, any of said prohibited liquors and beverages as defined by this act or the existing laws of the state of Alabama, in any quantity whatsoever; provided however, that this section shall not apply to the possession of wine or cordial made from grapes or other fruit, when the grapes or other fruit are grown by the person making the same for his own domestic use, upon his own premises in this state, and when such person keeps such wine or cordial for his own domestic use on his own premises in any quantity not exceeding five gallons for one family in twelve months. Nor shall this section apply to receipt or possession of pure or grain alcohol in non-prohibited quantities by persons who are permitted to buy, sell, use or possess the same under existing laws of the state, nor to the receipt or possession of wine for sacramental purposes, when received and possessed by an authorized person in accordance with the rules and regulations prescribed by law, and when not exceeding the quantity so prescribed." Acts 1919, p. 6, § 2.

In State v. Merrill, 203 Ala. 686, 689, 85 South. 28, 30, the Supreme Court, referring to the statute, said:

"No doubt it was the legislative intent, given expression in the recent enactment, to supplement the provision of section 24 of the Bonner Act in such wise as to forbid the possession, receipt, and carriage of prohibited liquors or beverages by or for any person at any public or private place; that is, liquors or beverages that were not within the exceptions provided in the act."

In Fair v. State, 16 Ala. App. 152, 75 South. 828, where there was evidence showing that the defendant was in possession of a house, and had a boarder who kept intoxicating liquors in his room in a trunk, and that at times had as many as 40 pints of whisky, this court said:

"There is not enough evidence in the record in this case to connect the defendant with a possessory interest in the whisky found to warrant a verdict of conviction (Oldacre v. State, 16 Ala. App. 151, 75 South. 827), and therefore the trial court erred in overruling the defendant's motion for a new trial."

In Spelce v. State, 17 Ala. App. 401, 85 South. 835, the evidence tended to show that the wife of the defendant owned the residence, and that a small wooden keg was found in the hall between the kitchen and the other part of the house; this keg contained something which to the policeman smelled like whisky. In that case the court said:

"It is elementary law, that, to sustain a conviction for crime, the state must establish every material ingredient of the offense by evidence beyond a reasonable doubt. Facts and circumstances that are only suspicious of guilt will not suffice. * * * The evidence in this case does not rise to that dignity and weight that will support a conviction for crime."

And in that case the trial court was reversed for a failure to grant the appellant a new trial.

In Holbrook v. State, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65, it is held that—

"A bare charge of or custody of goods which belong to another does not divest the possession of the owner."

In Barney v. State, 5 Ala. App. 302, 57 South. 598—

"It is a clear rule of law that, where a party has only the bare charge and custody of the goods of another, the legal possession remains in the owner."

See, also, Jackson v. State, 5 Ala. App. 306, 57 South. 594; Oxford v. State, 33 Ala. 416.

The Supreme Court of Vermont in State v. Potter, 42 Vt. 495, held that the word possession, as used in the statute imposing a punishment for having possession of burglars' tools or other implements of crime, cannot be limited to manual touch or personal custody; that one who deposits the prohibited article in a place of concealment may be deemed to have them in his possession; and that, where implements of crime were left by one in care of his wife, they are not less in his possession than if they had remained in the place where he had concealed them. In this case the court recognizes that the party charged had at least a base property right in the burglars' tools.

The Supreme Court of Mississippi, in the case of Brazeale v. State, 97 South. 525, held that the possession of a bottle of intoxicating liquor, the property of another, for the purpose of and to the extent only that is necessary for then and there taking a drink of the liquor, is not such possession as is contemplated by a statute which provides that "it shall be unlawful for any person to have, control, or possess intoxicating liquor."

The foregoing case of Brazeale is a direct authority on the question here involved, and is in point with the case at bar.

See, also, Harness v. State, 130 Miss. 673, 95 South. 64, where the court said:

"A person who is not the owner nor the original possessor of a bottle of whisky but who merely attempts to hand the bottle from one person to another when all three of them are standing together, is not guilty of a violation of the law of possessing intoxicating liquors."

And in this case, Harness v. State, supra, the court further held:

"While it is true that the bottle of whisky was actually in the hands of the defendant for

a very small portion of time, it was only there for the purpose of being passed by him from one man to the other. This is not the possession contemplated by the statutes."

In Newton v. State, 94 Tex. Cr. R. 288, 250 S. W. 1036, it is held that an instruction, in a prosecution for possession of intoxicating liquors, that " 'possession' means the having personal charge of and exercising the right of ownership and control of the liquor," embraced a correct definition of possession.

In the case of People v. Archer, 220 Mich. 552, 190 N. W. 622, the trial court said:

"If the respondent Mrs. Archer owned this liquor, or if she received the liquor there, or allowed it to remain there, even though it was not hers, and she retained it in this house where she was the housekeeper, and allotted to remain there, knowing it to be there, then she was in possession of it within the meaning of the law, and is guilty of the offense here charged, of having in her possession intoxicating liquor. * * * "

The Supreme Court of Michigan held this charge to be error, and stated that—

"The prosecution does not attempt to justify the charge as given."

In Anderson v. State, 132 Miss. 147, 96 South. 163, the Supreme Court of Mississippi held that the possession (of intoxicating liquors) contemplated by statute is a substantial one—not a passing control, fleeting and shadowy in its nature.

In Brown v. State, 30 Ga. App. 363, 118 S. E. 68, the Court of Appeals of Georgia held:

"From the fact that a person is present and aiding in the manufacture of intoxicating liquor, and would be guilty of that charge, it does not necessarily follow that he is also guilty of having, possessing, and controlling the liquor."

See, also, Hess v. State (Ind. Sup.) 141 N. E. 49; Cole v. State, 160 Ark. 181, 254 S. W. 476.

We have quoted the entire section of the statute upon which this prosecution is based, including the exceptions and provisos; and, reading this section in the light of the several authorities referred to, we hold that, to constitute "possession" of or to "possess" prohibited liquors, within the meaning of this statute, the person charged must either have a property interest in the prohibited liquors and have some dominion over it, or, in the absence of property interest, must have complete manucaption and dominion over the prohibited liquors; that it is not sufficient to show a mere temporary custody in the presence of the owner. We use the terms "property right" and "ownership" advisedly, realizing that such right is at most a base right or ownership. See the following authorities: O'Brien v. State, 3 Ala. App. 173, 57 South. 1028; Fuller v. Fuller, 84 Me. 475, 24 Atl. 946; Brantly v. Kee, 58 N. C. 332;

Emmerson v. State (Tex. Cr. App.) 25 S. W. 289, 290; State v. Potter, 42 Vt. 495.

For the errors pointed out, the judgment appealed from is reversed and the cause remanded.

Reversed and remanded.

## On Rehearing.

[1] In the original opinion by this court we dealt only with the question of "possession" of intoxicating liquor in contemplation of law. The discussion of this question, and the authorities relied upon by this court, is shown by the opinion hereinabove.

The Supreme Court of Alabama, however, differs with this court on this question, and, in Ex parte State ex rel. Attorney General, Re Harbin v. State, 210 Ala. 55, 97 South. 426, said:

" * * * We hold that the possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner —so called—would remain in the constructive possession of the liquor, and nevertheless his permissive custodian would have an actual possession which the statute prohibits."

[2] Under the provision of the statute (Acts 1911, p. 95, § 10), the decision of the Supreme Court on this question must prevail, for the statute provides:

"The decisions of the Supreme Court shall govern the holdings and the decisions of the Court of Appeals."

For this reason we perforce must hold that the court did not err in the refusal of the charge dealt with in the original opinion. Ex parte State, Re Harbin v. State, 210 Ala. 55, 97 South. 426.

As above stated, this court dealt only with this single question of "possession"; being of the opinion that that question was conclusive of the appeal. The Supreme Court reversed the judgment of this court, and on rehearing remanded the cause to this court for further consideration. We shall therefore, as insisted by counsel for appellant, now consider such other questions as may be presented.

[3, 4] The first of these questions relate to the ruling of the court upon the admission of testimony. State witness Willoughby on his direct examination had testified that one Cliff Stubbs was in the woods with the defendant at the time he is alleged to have had possession of the prohibited liquors; that no one else was there except the defendant and the said Cliff Stubbs. On cross-examination of this witness the defendant undertook to

ascertain the identity of the Cliff Stubbs in question, and asked the witness, among other things, if the Stubbs he had reference to as being with defendant on that occasion was the Stubbs who was a noted bootlegger in that community. And also asked the witness if he knew whether or not the Cliff Stubbs in question was the one that had been convicted and sentenced to hard labor for the county for selling whisky. The court sustained objections by the state to this line of inquiry, and in so doing we think invaded the well-settled rule of evidence as to cross-examination of the adversary's witness. The state by its testimony had put into the case the fact that Clifford Stubbs was present at the time of the alleged commission of the offense complained of, and we think the defendant should have had the right on cross-examination to identify the Stubbs testified about. Moreover, the defendant strenuously insisted that the prohibited liquor was not his, but that it belonged to Stubbs, and further that he was not in possession of the whisky at any time, but that Stubbs was in the sole possession thereof. The presence of Stubbs was of the res gestæ of the transaction under investigation, and, if he was a noted bootlegger, this fact, we think, should have gone to the jury, as its tendency would be to shed light on the question in issue as to whom the whisky belonged, and in whose possession it was at that time. Certainly, if Stubbs had been a man of the highest character, a minister of the church of God for instance, or some citizen of unquestioned integrity and standing, that fact would have been permissible to refute the insistence and rebut the inference that the liquor was his and in his possession, because of the patent improbability of a man of that type owning and possessing liquor in defiance of the law of the land. On the contrary, as stated, if he, Stubbs, was a man known as a noted bootlegger, one who had become notorious as a man who stood in defiance of the law of the land, a man who unlawfully dealt in the traffic of contraband or prohibited liquors, and to the extent of having been convicted and sentenced to hard labor for the county for selling whisky, the probability that the liquor in question was his and in his possession, as contended by defendant, was much more likely; at least it was calculated to afford that inference, and we think on cross-examination of the State's witness Willoughby the defendant should have been accorded the right to present these facts to the jury for their consideration under the conflicting tendencies of the testimony adduced on this trial. Furthermore, the defendant had the right to test the credibility, the memory, the means of knowledge, and the accuracy of witnesses' testimony by cross-examination.

"Witness may be questioned on cross-examination not only on the subject of inquiry, but upon any other subject, however remote, for the purpose of testing his character for credibility, his memory, his means of knowledge, or his accuracy." Amos v. State, 96 Ala. 120, 11 South. 424.

On cross-examination questions not relevant to issue are admissible, if for the purpose of testing the accuracy of information or of the truth of such evidence of witness being examined. Thompson v. State, 100 Ala. 70, 14 South. 878, Noblin v. State, 100 Ala. 13, 14 South. 767.

"The constitutional right of accused to be confronted by his witnesses would lose half its value if the kindred right of cross-examination were denied him." Tate v. State, 86 Ala. 33, 5 South. 575.

The res gestæ may constitute the presence of a person or thing, as well as the actual declarations of such person. Miles v. Hines, 205 Ala. 83, 87 South. 837; Wesley v. State, 52 Ala. 187. Eleventh Encyclopedia of Evidence, p. 372.

[5] There were several exceptions reserved to the oral charge of the court; the exception of moment among these, however, appears to be where the court charged the jury in the alternative as follows:

"But, if Harbin had any interest in that whisky, * * * then he would be guilty."

The prosecution of this defendant was based upon the statute prohibiting the possession of intoxicating liquors. Under the construction of that statute by the Supreme Court in the instant case the sine qua non of the offense denounced by the statute is the actual physical possession of the liquor, and the question of title or ownership thereof is not essential or necessary to constitute a violation of the statute.

The effect of the instruction excepted to in this instance—in fact by its express terms, the court charged that, if Harbin had any interest in the whisky, whether he had possession of it or not he would be guilty under the charge contained in the complaint. By reference to the record it will be noted that the accusation against this defendant by affidavit and complaint in the county court, and by the complaint filed by the solicitor in the circuit court, is limited solely to possession of prohibited liquor; the complaint in the circuit court being as follows:

"Comes the state of Alabama by its solicitor, and alleges that within twelve months before the making of the affidavit in this cause in the county of Cullman, state of Alabama, General Harbin had in his possession prohibited liquors, contrary to law, against the peace and dignity of the State of Alabama."

As above stated, the question of interest in the whisky, or the title and ownership thereof, is not necessary to constitute a violation of the statute for having it in possession. The allegation in the complaint being limited to "possession" only, the writer is of the opinion that exception hereinabove re-

ferred to was well taken on authority of Ex parte State ex rel. Attorney General, Re Harbin v. State, supra. But the majority of this court differs with the writer on this question; hence what has been said relative to this exception under discussion expresses the views of the writer only.

[6] The remaining insistence of error is predicated upon that portion of the oral charge where the court stated:

"Gentlemen take this case. If you find the defendant guilty, the form of your verdict would be either 'We, the jury, find the defendant guilty.' In which event the court will fix the punishment either at hard labor or imprisonment in the county jail."

In accordance with this instruction the jury returned a verdict, "We, the jury, find the defendant guilty," and the court sentenced the defendant to six months' hard labor for the county. The contention is here made that this statute creates a new offense, and the question as to whether or not a fine shall be assessed on conviction is not one of discretion; that the question of hard labor is one of discretion, but that the law prescribes this as an additional punishment to a fine, and the statute imposes the duty on the jury to assess the fine. And it is insisted that the court had no authority to substitute imprisonment for a fine as was done in this case, and that the imprisonment could only be imposed as additional punishment.

It is also contended that this error not only affects the judgment of sentence, but it vitiates the entire judgment, and that the statute imposed on the jury the duty of fixing the fine.

We are of the opinion that section 7630, Code 1907, is a complete answer to these contentions, and therefore the insistence of error in this connection is not well taken. Section 7630, supra, reads as follows:

"When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court."

While it is true the statute under which this defendant was convicted and sentenced is of a later date, as to the time of enactment, than the section of the Code above quoted, yet, as no inconsistency or repugnancy exists between the two statutes in question, both have a field of operation, and the authorities cited by appellant in support of this proposition are not in point.

The other refused charges were either abstract or not predicated upon the evidence or were covered by the oral charge.

Reversed and remanded.

The whole court concurs in the conclusion.

PER CURIAM. Affirmed on authority of Ex parte State ex rel. Atty. Gen., Re Harbin v. State, 210 Ala. 667, 99 South. 100.