(102 So. 245)

## STANLEY v. STATE. (1 Div. 574.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

Intoxicating liquors ⬦137—"Possession" of still contemplates ownership or interest, which must be shown by evidence.

"Possession" of still contemplates ownership, interest in, or control over the apparatus, which interest need not be sole, but may be joint or several, and evidence must connect defendant with such ownership or control (citing Words and Phrases, "Possession").

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

John Stanley was convicted of possessing a still, and he appeals. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of respective counsel did not reach the Reporter.

SAMFORD, J. The testimony for the state tends to prove that the defendant and two boys were seen by the sheriff and his deputy at or near a still; that the still was a can, and a crooked pipe connected, and had a fire under it; that the still was located about one and one-half miles from defendant's home in a hollow and in the woods; that, when the sheriff hailed defendant, defendant ran and was shot at by both the sheriff and the deputy; that no arrest was made at the time, and none was made until after an indictment was returned. The testimony as a whole makes the identity of defendant somewhat uncertain, but as to the question of alibi there was sufficient evidence to submit to the jury.

As to refusal of the court to give at the request of defendant the general affirmative charge, the sufficiency of the state's evidence to connect defendant with the possession is challenged. Possession as contemplated in the statute, making it a crime to possess a still, etc., contemplates ownership, interest in, and control over the apparatus. This, of course, need not be a sole interest, but may be joint or several. 6 Words and Phrases, 5464, subhead "Possession." To prove this there must be some evidence tending to connect the defendant with the ownership, interest in, or control over the thing with which a defendant is charged with possessing. In this case there was no such evidence. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Harbin v. State, 19 Ala. App. 623, 99 So. 740.

For the error in refusing the defendant the general affirmative charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.