(107 So. 34)

## WASHINGTON v. STATE. (4 Div. 167.)

(Court of Appeals of Alabama. Jan. 26, 1926.)

**1. Intoxicating liquors ⟜137—Proof required to convict for possession of still stated.**

Conviction of unlawful possession of still requires proof that accused, either alone or with another, had an interest in, detained, exercised dominion over in his own keeping, or in that of another acting for him, the forbidden still, or that he aided or abetted another in such possession.

**2. Intoxicating liquors ⟜233(1)—That man was found close to still held relevant testimony in prosecution for possession of still.**

That accused was found in close proximity to still, that fire was under still, the manner in which accused was clothed, and what he held in hands, are matters of evidence properly admissible in prosecution for possession of still.

**3. Criminal law ⟜561(1)—Legal evidence beyond reasonable doubt held necessary for conviction of crime.**

Before citizen can be convicted of crime, his guilt must be established by legal evidence and beyond reasonable doubt.

**4. Intoxicating liquors ⟜236(19)—Evidence held sufficient to support conviction in prosecution for unlawfully possessing still.**

Evidence *held* sufficient to support conviction in prosecution for unlawfully possessing still.

Appeal from Circuit Court, Barbour County; N. D. Denson, Judge.

Booker T. Washington was convicted of possessing a still, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

The mere presence of one or more at a still, without evidence showing possession or ownership, or some act by those present exercising dominion and control over it, is not sufficient to sustain a conviction. Farmer v. State, 99 So. 59, 19 Ala. App. 560; Knight v. State, 97 So. 163, 19 Ala. App. 296; Seigler v. State, 95 So. 563, 19 Ala. App. 135; Moody v. State, 104 So. 142, 20 Ala. App. 572; 6 Words and Phrases, 5465.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was sufficient for the jury to find a verdict of guilty, and the affirmative charge was properly refused. Pellum v. State, 8 So. 83, 89 Ala. 28.

SAMFORD, J. [1-3] Before a defendant can be convicted of unlawfully possessing a still, etc., there must be proof authorizing the conclusion by the jury that the defendant, either alone or jointly with another, had an interest in, detained, exercised dominion over in his own keeping, or in that of another acting for him, the forbidden still, etc., or that he aided or abetted another in such possession. In Moody v. State, 104 So. 142, 20 Ala. App. 572, this court undertook to define "possession" as the word applies to the statute here under consideration, and in the Moody Case other citations were given. We cannot give a clearer definition than was there given, but in view of the growing importance of the question, constantly being presented, we may add to what has already been written by the following observations: That a man is found in close proximity to a still is relevant testimony. That at the time there was a fire under the still is also relevant. How he was dressed and what he had in his hands may be made admissible if the articles are in anyway connected with the still. But until some fact has been shown which tends to prove a possession, dominion, or control over the still, or some act aiding or abetting one who has such possession, control, or dominion, the testimony fails to so connect the defendant with the possession as would authorize a verdict of guilt. However desirable it may be to make certain conviction for the class of crime condemned by the prohibition statutes, it is much more important for courts to uphold and preserve that rule of the criminal law to the effect that before a citizen can be convicted of crime his guilt must be established by legal evidence and beyond a reasonable doubt. Stanley v. State, 102 So. 245, 20 Ala. App. 387; Biddle v. State, 99 So. 59, 19 Ala. App. 563; Harbin v. State, 19 Ala. App. 623, 99 So. 740.

[4] In the instant case the defendant and two others were found and surprised by the officers while they were present at a whisky still, which evidently was being prepared for a "run." "They all had buckets in their hands working around it." Upon seeing the officers approach, all three fled. The facts made a very different case from those cited in appellant's brief. Here we have the iso-

lated location of the still, the pile of slabs for making the fire, the completed still, the beer ready for distillation, the defendant and his associates with buckets in their hands working around the still, the accidental sight of the officers by one of them when he poked his head above the gulley bank in which the still was located, and the immediate flight of all three. The evidence was sufficient upon which to base a conviction.

There is no error in the record, and the judgment is affirmed.

Affirmed.