HARNESS v. STATE.

[95 South. 64. No. 22975.]

INTOXICATING LIQUORS. *One not owner nor original possessor, passing bottle of whisky from one person to another, held not guilty of unlawful "possession."*

A person who is not the owner nor the original possessor of a bottle of whisky but who merely attempts to hand the bottle from one person to another when all three of them are standing together, is not guilty of a violation of the law of possessing intoxicating liquors as provided by the statute.

APPEAL from circuit court of Alcorn county.

`Hon. C. P. Long, Judge.

Joe Harness was convicted of having in his possession intoxicating liquors, and he appeals.   Reversed, and defendant discharged.

*W. J. Lamb,* for appellant.

In no law book or any decision can there be found anything that will sustain the contention of the state in this case, that the appellant violated the law by having whiskey in his possession under the facts as shown in this case.

Webster gives the following definition of the word possession: 1.   A possessing, or holding as one's own.   2. The having, holding, or detention of property in one's legal power or command; ownership.   3.   Thing possessed. 28 Am. & Eng. Ency. of Law, p. 238, defines the word, possession, as follows: "Possession is often defined to be the detention or enjoyment of a thing which a man holds or exercises by himself or by another who keeps or exercises it in his own name.   It has been said to mean simply the owning or having a thing in one's power, and to imply a present right to deal with a thing at pleasure and to exclude other persons from meddling with it, being something more than a mere right or title to a present or future estate."

31 Cyc. p. 924, gives the following definition of the word possession: "The term has been defined as follows: 'Simply the owning or having a thing in one's power; the present right and power to control a thing: the detention and control of the manual or ideal custody of anything which may be the subject of property, for one's use or enjoyment either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name; the detention or enjoyment of a thing which a man holds or exercises by himself or by another who keeps or exercises it in his name; the act of possessing, a having and holding or retaining of property in one's power or command; the sole control of

the property or of some physical attachment to it; that condition of fact under which one can exercise his power over a corporeal thing at his pleasure, to the exclusion of all other persons.' "

In the case of *Browning* v. *Volkening,* 64 N. Y. 76, the court said: "Possession means simply the owning or having a thing in one's power; it may be actual or it may be constructive. Actual possession exists when the thing is in the immediate possession of the party; constructive possession is that which exists without actual personal occupation."

In the case of *Rice* v. *Frayser,* 24 Fed. 463, the court said: "Possession is that condition of fact under which one can exercise his power over a corporeal thing at his pleasure, to the exclusion of all others." Burr, Law Dict., Tit., Possession.

The text books and decisions in defining what is meant by "possession" used different words and phraseology, but the same idea prevails in all of them as to what is meant by "possession," and that is the word "possession" means the owning, holding or detention of property in one's legal power or command.

In the case at bar, there is no proof to show that the appellant in this case owned or had any control of the whiskey, whatever, but was simply passing it from one party to another, nor did he know, so far as the proof shows, it was whiskey until after the officer had picked up the bottle and said it had whiskey in it. If this is possession so as to violate the law, then after a man has taken a drink and got it into his stomach he is then violating the law because he has got a drink in his stomach.

We respectfully submit the case should be reversed.

*H. Tolbert Odom,* assistant attorney-general, for the state.

The first and third assignments of error will be discussed at the same time. It is contended that the evidence for the state failed to make out a case. In support of this contention, counsel cite the case of *City of Jackson* v. *Gor-*

*don,* reported in 119 Miss. 325, 80 So. 785. After reading and carefully considering the opinion of the court in the *Gordon case, supra,* it seems clear to my mind that this case is not in favor of the appellant's contention, but manifestly against it. I shall briefly discuss the points decided by Judge Holden in this foregoing opinion, and endeavor to show that the action of the trial court in the case at bar in no wise conflicts with this opinion.

The first point is concisely stated by Judge Holden as follows: "There must be actual or constructive intent to do the thing which constitutes the crime; otherwise there is no criminal act."

Intent was conclusively shown in the case at bar, both actual and constructive. The appellant was with his companion and saw him drinking the liquor. He then voluntarily took it into his possession. He actually had it in his hand. Then upon being apprehended by the officer, attempted several times to destroy the evidence by knocking the liquor out of the officer's hand. What further intent could be required?

The second point decided in the *Gordon case, supra,* was that, it is not a violation of the law to have liquor in one's possession without knowledge thereof. This is unquestionably sound law. But I respectfully submit that the facts show conclusively that the appellant had knowledge of the possession of the liquor in question.

In passing on the third question, Judge Holden simply held that where the appellant's defence was that he had no knowledge of having the liquor in his possession, that where the liquor was found in his possession, then whether or not he was conscious of the possession of such liquor, was under the evidence a question for the jury. In the *Gordon case, supra,* it will be noted that the sole defense of Gordon was that he did not know that he had the liquor in his possession; that it had been placed there by another without his knowledge or consent. This was the evidence under which the court held that whether or not he was conscious of the possession, was a question to be deter-

mined by the jury. Now, in the case at bar, the record presents a different proposition altogether, because there is not a scintilla of evidence showing that, or tending to show that, the appellant did not know that the bottle that he took in his possession contained intoxicating liquor. Such a question is not presented by the evidence and therefore was not before the jury for determination.

In passing on the fourth proposition in the Gordon case, Judge HOLDEN used the following language: "Of course, when unlawful liquor is found on the premises or in the physical possession of a person, and such person claims that the liquor is in his possession without his knowledge, a question of fact arises to be decided by a jury, as to whether or not he knowingly or consciously possessed or controlled the liquor, and it may be reasonably presumed and inferred as a fact that he knows of its presence."

In the case at bar the appellant does not claim that the liquor was in his possession without his knowledge. So it will be seen that the *Gordon case, supra,* is in nowise similar to the case at bar.

The second error assigned by counsel is the granting of the following instruction, appearing on page 9 of the record: "The court charges the jury for the state, that if they believe from the evidence in this case beyond a reasonable doubt that the defendant had in his possession intoxicating liquor at the time and in the manner charged in the affidavit, you will find him guilty as charged."

The principal criticism addressed to this instruction is that it warrants the jury in finding defendant guilty regardless of the fact of whether he knowingly had the liquor in his possession. This question has been previously discussed in this case. But here I repeat that this record presents no such question. If the appellant in this case had taken the stand and testified that he did not know that the bottle which was handed to him contained intoxicating liquor; that he thought that same contained soda water or chero cola or something else, then the instruction in question would have, under the Gordon case, been error.

There being no such defense interposed in this case, I respectfully submit that the foregoing instruction was entirely proper.    As I see it, the judgment of the lower court should be. affirmed.

SYKES, P. J., delivered the opinion of the court.

Joe Harness was convicted of 'having in his possession intoxicating liquors, from which judgment this appeal is prosecuted.

There was only one witness who testified in the case. His testimony was to the effect that one night he saw three men standing on the sidewalk, one in front of the other two.    One of these men had a bottle in his hand drinking. When the man finished drinking he handed the bottle to the. defendant, who was attempting to hand it to the third man.    The third man reached up to take hold of it when the witness grabbed this defendant's hand and took the bottle away from him.    The defendant then knocked the bottle out of the hand of the witness to the ground, where it broke.    Whisky was in the bottle.·  At the conclusion of this testimony, the defendant asked the court to instruct the jury to find him not guilty.    This the court declined to do.

The question here presented is whether or not a person who is not the owner nor the original possessor of intoxicating liquors, but who merely attempts to hand a bottle from one person to another, is guilty of this offense.    From this testimony he was evidently acting at the request of one or the other of these parties—namely,. to pass the bottle from the one to the other.    Under this testimony the real party in possession and control of the bottle at the time the officer interfered was the person who had just finished taking the drink.    The defendant was a mere conduit, so to speak, of the bottle from the one man to the other.    It was in his hand for a very small portion of time.  He was not attempting to exercise any dominion or

control whatsoever over it.  The word "possession" is thus defined by Webster:

"1.  A possessing, or holding as one's own.  2.  The having, holding, or detention of property in one's legal power or command; ownership.  3.  Thing possessed."

Volume 28, A. & E. Ency. of Law, defines it as follows: "Possession is often defined to be the detention or enjoyment of a thing which a man holds or exercises by himself or by another who keeps or exercises it in his own name. It has been said to mean simply the owning or having a thing in one's power, and to imply a present right to deal with a thing at pleasure and to exclude other persons from meddling with it, being something more than a mere right or title to a present or future estate."

31 Cyc. gives the following definition of it: "The term has been defined as follows: Simply the owning or having a thing in one's power; the present right and power to control a thing; the detention and control of the manual or ideal custody of anything which may be the subject of property, for one's use or enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name; the detention or enjoyment of a thing which a man holds or exercises by himself or by another who keeps or exercises it in his name; the act of possessing, a having and holding or retaining of property in one's power or control; the having or holding or detention of property in one's power or command; the sole control of the property or of some physical attachment to it; that condition of fact under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons."

While it is true that the bottle of whisky was actually in the hand of the defendant for a very small portion of time, it was only there for the purpose of being passed by him from one man to the other.  This is not the possession contemplated by these statutes.  The peremptory instruction in favor of the defendant should have been granted.

*Reversed, and appellant discharged.*