PEOPLE v. ARCHER.

1. INTOXICATING LIQUOR — ILLEGAL POSSESSION — INFORMATION — ERROR.

Where defendant and her employer, for whom she was acting as housekeeper, were jointly charged with unlawfully having intoxicating liquor in "his" possession, the

use of the word "his" instead of "their" was error, and the information should have been amended.

2. SAME—ERROR WITHOUT PREJUDICE.
   Where said error in no way prejudiced the rights of defendants, reversal therefor is not justifiable.

3. SAME—MERE KNOWLEDGE OF HOUSEKEEPER THAT EMPLOYER HAD LIQUOR INSUFFICIENT TO CONVICT HER.
   Mere knowledge of a housekeeper that her employer had liquor in the home unlawfully would not render her guilty of having it unlawfully in her possession.

4. SAME—WITNESSES—CROSS-EXAMINATION NOT AFFECTING CREDIBILITY OF DEFENDANT ERRONEOUS.
   Cross-examination of defendant as to the character of the women to whom her employer furnished liquor was error; there being no question as to whether the residence was "a place of public resort," or used "for any other purpose than a private residence," and the credibility of defendant being in no way affected thereby.

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted October 12, 1922. (Docket No. 141.) Decided December 5, 1922.

Annie Archer was convicted of violating the liquor law. Reversed.

*F. E. Wetmore,* for appellant.

*Merlin Wiley,* Attorney General, and *Harry W. Jackson,* Prosecuting Attorney, for the people.

SHARPE, J. The information charged defendant and one John Sanders with unlawfully having intoxicating liquor in "his possession" at the city of Muskegon on December 17, 1921. Defendant on arraignment stood mute. After the first witness was sworn, her counsel objected to the introduction of any evidence for the reason that the possession was alleged to have been in Sanders and not in both Sanders and defendant. The use of the word "his" instead of

"their" was an error. The prosecuting attorney should have asked to amend when attention was called to it. The error, however, in no way prejudiced the rights of defendant and would not justify a reversal.

Sanders pleaded guilty. He was called as a witness by the prosecution and testified that the defendant was his housekeeper; that the jug containing liquor found by the officers "in a little room off from the kitchen, used as a toilet and store room" was not placed there or brought to the premises by him although he had seen it there before the officers arrived. The defendant, testifying in her own behalf, said that she had no knowledge that the jug was in the building, that while Sanders had treated some women to liquor on that day she did not know where he procured it. In his instructions to the jury the court said:

"If the respondent, Mrs. Archer, owned this liquor, or if she received the liquor there, or allowed it to remain there, even though it was not hers, and she retained it in this house where she was the housekeeper, and allowed it to remain there, knowing it to be there, then she was in possession of it within the meaning of the law, and is guilty of the offense here charged, of having in her possession intoxicating liquor, on the day charged in this information."

After stating the claim of the defendant, he further said:

"Now, gentlemen, if her claim is true, that she did not own the liquor, and did not have possession of it, that is, did not know it was there, then she is not guilty of this charge of having liquor in her possession."

The prosecution does not attempt to justify the charge as given. The mere knowledge of the defendant that Sanders, for whom she was acting as housekeeper, had liquor in the home, unlawfully, would not

render her guilty of having it unlawfully in her possession.

Error is assigned upon the cross-examination of defendant, which the court permitted, tending to show that the women to whom Sanders furnished the liquor were not respectable. The question as to whether the residence in which defendant and Sanders lived was "a place of public resort" or was used "for any other purpose than a private residence" was not raised or considered. Under the record as presented, we think the cross-examination as to the character of the women to whom liquor was furnished should not have been permitted. It in no way tended to affect the credibility of the defendant.

The other errors discussed have been considered. We find in them no reversible error.

The verdict is set aside and a new trial ordered.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.