## ANDERSON *v*. STATE.

### [96 South. 163.  No. 23271.]

1. INTOXICATING LIQUORS. *Possession of more than one quart illegal, although belonging to another party.*

    Under chapter 210, Acts 1922, a person who has more than one quart of intoxicating liquor in his possession is guilty, even though the liquor belongs to another party.

2. CRIMINAL LAW. *Where possesson of liquor shown, instruction to convict if it was under his control harmless.*

    Where it is conclusively shown that the accused had possession of the liquor, it is immaterial and harmless to charge that it was under his control, and to instruct the jury to convict if he possessed "or had it under his control."

3. INTOXICATING LIQUORS. *"Possession" must be substantial to be illegal.*

    The possession contemplated by the statute is a substantial possession—not a passing control, fleeting and shadowy in its nature.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

K. E. Anderson was convicted of having intoxicating liquor in his possession, and he appeals.  Affirmed.

*W. B. Collins,* for appellant.

The only testimony the state has is to the effect that the appellant when approached by a Mr. Broyles, and asked if he had a drink, told Mr. Broyles that he would get him a drink, led the way up the stairs into a vacant room, and there picked up the whiskey in question and handed it to Mr. Broyles, and we say that this is not sufficient evidence to warrant a conviction for the unlawful possession of intoxicating liquor or even warrant the jury in believing beyond a reasonable doubt that the defend-

ant had it under his control, when construed with the testimony of the witness Randall and the testimony of the defendant, and their evidence was not disputed. And since we have a man before this court who, the evidence shows has never before been convicted of the slightest offense, and whose testimony the state does not undertake to impeach or discredit in the least, it certainly warrants a serious consideration of this court of all the facts, and we most earnestly insist that upon such consideration of all the evidence, we believe the court will arrive at the conclusion that the appellant ought to be discharged, for we think the case stands on all fours with the case of *Harness* v. *State,* 95 So. 64, recently decided by this court. In that case it was held that a mere temporary or passing possession was not sufficient and was not such a possession as contemplated by the statute, and we think the same is true in this case.

It is further assigned for error that the court below erred in not permitting the appellant on the trial of his case in the court below to prove whose whiskey this was and to explain fully his connection with the whiskey. Why, the very crux of the question before the court and jury was: who was the real possessor of the whiskey? The appellant sufficiently identifies the time and the whiskey in question as does the witness Randall to show that it was the same whiskey and the same occasion as testified to by the witness for the state, but the court excluded this testimony, which was clearly erroneous, and committed the further prejudicial error of making the following statement:

This is a different time and occasion—has no connection with the case made out by the state and for that reason the objection is sustained and all that Mr. Randall said is excluded because it is incompetent. The question we want to ask here is: how did the trial judge know that Randall was telling of a different occasion from the one in controversy? Where did the trial judge get his information? He

certainly did not get it from what the witness Randall said.
See record page 21. And why should the trial judge be
telling the jury that the state had made out a case? We
submit that when you read the testimony of the witness
Randall that he is as clear and positive about the time and
occasion of Anderson having the whiskey on the 29th day
of May, 1922, and that the whiskey exhibited in court was
the same whiskey, as was the witness for the state about
the time and whiskey in question, and it was error for
the court not to permit the appellant to prove what con-
nection he had with the whiskey and to explain his con-
nection with it. If a man is not permitted to prove his
connection with whiskey, when he is charged with having
it in his possession, then how would a man ever be able
to defend himself on a charge of this character? Can it
be said that men are charged of infractions of the law,
brought into the courts of the country and not permitted
to offer testimony that goes to the very heart of the crime
charged in defense of themselves? We sincerely believe
that the people of this country and the courts should be
zealous in the enforcement of the prohibition laws of this
state and of the United States, but we hope that we, the
state or the courts of the state, will never become so zeal-
ous in the enforcement of these laws that in our efforts
to enforce them, we will override the other fundamental
principal of the law; rush men to conviction, without giv-
ing them a right to defend themselves and to offer evi-
dence that would completely vindicate them in the eyes of
the law. This is a pitfall into which the best of men are
liable to fall and especially those into whose hands is
trusted the enforcement of the laws, and we think it is a
danger against which we should guard as much so as the
danger of the liquor traffic. We, therefore, submit that
the court erred in excluding this testimony offered on be-
half of the appellant, defendant, in the court below, and
that it was such an error as to reverse this case within
itself.

We, therefore, submit to the court that the case ought to be reversed and remanded for a new trial, if the court does not see fit to reverse the case and discharge the appellant.

*S. C. Broom,* special assistant attorney-general, for appellee.

It is contended that the facts in this case bring it under the rule laid down in the case of *Harness* v. *State,* 95 So. 64. The court said in the Harness case: "The question here presented is whether or not a person who is not the owner nor the original possessor of intoxicating liquors but who merely attempts to hand a bottle from one person to another, is guilty of this offense." In other words, in the Harness case the question was whether or not the defendant was in possession of the liquor within the meaning of the law and it was held that under the facts in the Harness case, he was not in possession. The court said that he was a mere conduit, so to speak, of the bottle from one man to another; that he was not attempting to exercise any dominion or control whatsoever over it. But we earnestly submit that such is not the case in the present instance. The record shows that Anderson was standing at the foot of a stairway leading up into an office building, and that a friend came along and there was something said about a drink and Anderson asked him if he wanted a drink, and said he would get one for him, or words to that effect; whereupon Anderson led his friend up the stairway and into a vacant office and there rummaged around under some old papers and got out the bottle of whiskey to give his friend a drink, thus clearly indicating that Anderson had the whiskey cached there and the record further discloses that the appellant had a small empty bottle in his pocket and it is in evidence that he had withdrawn this empty bottle from his pocket, with the apparent and evident intention of filling it from the larger container.

The next objection made by counsel for appellant is that the indictment is not in accord with the Law of 1922 with reference to having more than a quart in one's possession. The affidavit in this case charged the defendant with having it in his possession or under his control. It is contended that the statute under which they were proceeding does not make it a misdemeanor to have more than a quart under control. We take it in the first place that this is simply a difference between actual and constructive possession, and that having liquor under one's control is to have it in one's constructive possession, and that the statute did not limit it to actual possession as against constructive possession. It would be easier to possess a thing and not control it than to control a thing and not possess it.

A very similar question was presented in the case of *Patterson* v. *State,* 127 Miss. 259. In the Patterson case the appellant was convicted on an indictment charging that he did unlawfully make and distill intoxicating liquors, and it was assigned as error that the indictment did not charge that it was feloniousy done. The court said: "The language of the statute in which the indictment is couched accurately informs the appellant of the nature and cause of the accusation against him, consequently the question of the omission of the word feloniously from the indictment cannot be raised in this court for the first time," citing section 1426 of the Code of 1906; section 1182, Hemingway's Code, and *Cook* v. *State,* 72 Miss. 517, 17 So. 228. Now in the present case it is an affidavit and not an indictment, yet it could have been demurred to just as an indictment, but no demurrer was interposed in the trial court. There is no doubt that in the present case the appellant was fully informed as to the charge against him and as to the penalty provided by law.

We submit that there is no merit in the errors assigned by counsel for the appellant and that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

K. E. Anderson appeals from a conviction on a charge of having intoxicating liquor in his possession, under section 1, chapter 210, Laws of 1922, which provides that it shall be an offense, punishable with fine and imprisonment, to have in possession more than one quart of whisky or other intoxicating drink.

The affidavit upon which appellant was convicted charged that he had in his possession "or under his control" more than one quart of intoxicating liquor. The only instruction given the state, of which appellant complains, told the jury to convict if they believed the defendant had the liquor in his possession "or under his control."

We shall here quote the statement of facts in the case as given by counsel for the appellant in his brief, which is as follows:

"It appears from a reading of the record that the appellant was standing at the foot of a stairway in the O'Ferrill Building in the city of Laurel, Miss., when he was approached by W. G. Broyles, who asked the appellant if he had anything to drink. The appellant thereupon replied that he would get him a drink, and led the way up the stairs in the said building and into a vacant room in the said building and picked up a bottle of liquor from under some papers in one corner of said room and handed it to the said Broyles, who turned it up to his head for the purpose of taking a drink, and while in the act of taking a drink, he was interfered with and dispossessed of the liquor by two officers. It seems that these officers had had information that there was whisky in the said building and had concealed themselves in a room adjoining this vacant room for the purpose of apprehending the owner or possessor of the whisky. It further appears from the testimony of the witnesses for the defendant that one Mr. Sharborough, who had an office just across the hall from this vacant room, had just been or was at the time on a drunken 'razoo,' and that the appellant had taken the whisky in question

from the office of the said Sharborough and carried it into this vacant room.  This part of the evidence was excluded by the court."

The liquor seized was more than a quart.  Appellant took a small empty bottle out of his pocket while Broyles was attempting to take the drink out of the large bottle.

Reversal is asked by the appellant upon the grounds that the evidence is not sufficient to show that appellant had possession or control of the bottle of liquor at the time the officers seized it; and that the indictment charged, and the instruction granted, the state erroneously told the jury that they should convict if the liquor was possessed by or was "under the control" of the appellant, whereas the statute in the case only provides that it shall be unlawful to have possession of the liquor.  Complaint is also made that the court erred in refusing to permit the defendant to show that the liquor belonged to another party from whom he had taken it and placed it in the vacant room where he took his friend to get the drink.

We have carefully considered the evidence in the case and think the jury was well warranted in finding that the appellant had both the possession and control of the liquor at the time it was seized by the officers.  He had placed the liquor under the papers in the corner of the vacant room and had full control and possession of it, even though the real ownership was in another person.

There is no need to discuss the question of whether there is a difference between the possession and control of an article, in this case, because the proof is uncontradicted that the appellant had the actual possession and control of the vessel of liquor at the time or before he was interrupted by the officers.  Therefore the surplusage in the indictment and instruction for the state which referred to the "control" of the liquor was not, in any event, harmful to the appellant in the trial of the case.

We do not think it was error in the court below to exclude the testimony as to where the appellant had obtained the liquor or who was the real owner of it, because

it was immaterial, since the violation of the law consists merely in having the possession of the intoxicating liquor.

Counsel for the appellant cites and relies upon *Harness v. State,* 95 So. 64, recently decided by this court. This case is not in point because the possession of the liquor in that case was merely temporary, passing for an instant of time between the hands of the owner and a third party who was invited to take a drink of it. In that case Harness was not attempting to exercise any control or dominion whatsoever over the liquor; but here, it will be readily seen, is a different case, in that the appellant was exercising both his possession and control of the liquor. The possession or control must be substantial, as it was here, and not "fleeting and shadowy," as in the *Harness case, supra.*

The judgment of the lower court is affirmed.

*Affirmed.*