BRAZEALE *v.* STATE.

(Division A.   Oct. 8, 1923.)

[97 South. 525.   No. 23630.]

INTOXICATING LIQUORS.   *Possession of bottle for mere purpose of taking a drink not a "possession" of intoxicating liquor within statute.*
The possession of a bottle of intoxicating liquor, the property of another, for the purpose of and to the extent only that is necessary for then and there taking a drink of the liquor, is not such a "possession" of the liquor as is contemplated by section 2, chapter 189, Laws of 1918, which provides that it shall be unlawful for any person to have, control, or possess intoxicating liquor.

APPEAL from circuit court of Lawrence county.
HON. J. Q. LANGSTON, Judge.

Frank Brazeale was convicted for having intoxicating liquor in possession, and he appeals.   Reversed and remanded.

*John H. Arrington,* for appellant.

Here we have the fact fairly and squarely presented whether the defendant, appellant here, has violated chapter 189, Laws of 1918, in letter and spirit, by the mere act of tilting the bottle to his lips just long enough to imbibe a small portion of its contents, not owning the whisky or having any control whatsoever over its possession; nor does the state claim that he did, but does insist that if appellant merely took the bottle in hand for the purpose of taking a drink, then it was such possession and such control of the whisky as violated the statute.   The learned court below accepting this view erroneously, gave the state instruction No. 1.

We submit the lawmakers did not intend the words "have," "control," or "possess," as used in section 2 of said act, to penalize the fellow for accepting and taking into hand a bottle, jug, or glass containing intoxicating liquor, for the purpose of taking a drink thereof. This case is very like the case of *Harness* v. *State,* (No. 22975), Adv. Sheets, Southern Reporter, Vol. 95, No. 1, page 64. "To have, control, or possess" in the every-day use and common acceptance, in each and every construction and definition given of them, by all the authorities, carries, conveys, and presumes some degree of ownership of the thing had, controlled, or possessed.

*S. C. Broom,* Special Assistant Attorney-General, for the State.

Ownership is not the gist of the offense. The offense consists of possessing liquor. There is no property right in intoxicating liquors unlawfully possessed, therefore, there is no such thing as ownership of intoxicating liquor unlawfully possessed. The law involved in this case is that of possession, and the outcome depends upon the legal construction of the word "possession" as used with reference to intoxicating liquors.

*Harness* v. *State,* 95 So. 64, is clearly distinguishable. The facts were as follows: Three men were standing on a sidewalk; one took a drink from the bottle and passed it to the third man, via the second man. It was while the second man was in the act of passing the bottle to the third man, that the officer seized the bottle. The court held that the defendant was a mere conduit, so to speak, of the bottle from the one man to the other. He was not attempting to exercise any dominion or control over it. The court also held that the real party in possession and control of the bottle at the time the officer interfered, was the person who had just finished taking a drink.

The correct rule which controls in this case, is laid down in *Anderson* v. *State,* 96 So. 163, where the same

question as here was presented. The court said: "The violation of the law consists merely in having the possession of the intoxicating liquor."

The facts in the case show that the appellant was in actual possession of the liquor when arrested and he was exercising a very decided control over it, too, as evidenced by the fact that he had visited the place and drank from the bottle three times that morning. Therefore, in view of the facts and the law as stated both in the Harness case and the Anderson case, we confidently assert that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for having intoxicating liquor in possession. When arrested, the appellant was in the act of taking a drink of whisky from a bottle. According to his version of the matter, the liquor was the property of another, who had just handed it to him, so that he might take a drink thereof.

The court charged the jury, at the request of the state, to find the defendant guilty if they believed from the evidence beyond a reasonable doubt that he—"did willfully and unlawfully take into his hands and thereby have in his possession a bottle containing intoxicating liquor, commonly called 'white lightning whisky,' for the purpose of taking a drink thereof."

The question raised by this instruction, in the last analysis, is simply this: Is it a crime to take a drink of intoxicating liquor? The statute does not so provide, as could have been very easily done, had the legislature so desired; its language being:

"It shall be unlawful for any person . . . to have, control or possess" intoxicating liquor. Section 2, chapter 189, Laws 1918.

The possession contemplated by the statute is of more substantial character than that which is for the purpose of and to the extent only that is necessary for taking a

drink. *Harness* v. *State,* 130 Miss. 673, 95 So. 64; *Anderson* v. *State* (Miss.), 96 So. 163. The appellant was entitled to, but seems not to have requested, an instruction charging the jury to acquit him.

*Reversed and remanded.*