---

MEDLIN v. STATE.*

(Division B. May 10, 1926.)

[108 So. 177. No. 25596.]

INTOXICATING LIQUORS. *To sustain conviction for possession of still, proof must show that defendant either owned or had control, and merely showing he was present with others when still was operated is not sufficient (Laws 1922, chapter 211).*

In a' prosecution for having a still in possession, under chapter 211 of the Laws 1922, to sustain a conviction, the proof must show that the defendant either owned or had control of the still. It is insufficient to merely show that he was present with other parties at the still while the still was being operated.

---

*Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, p. 758, n. 80.

APPEAL from circuit court of Union county.

HON. T. E. PEGRAM, Judge.

Huie Medlin was convicted of having possession of a still, and he appeals. Reversed, and defendant discharged.

*B. N. Knox,* for appellant.

There was a still in operation at the time of the raid and in a legal sense it was in the possession of some one;

but, I submit, the testimony is not of sufficient strength
to say that this appellant had the still in his possession.

This conviction was based upon, and allowed to stand
by the lower court, evidently on the theory that *presence
at a still is a circumstance establishing a prima-facie case
of guilt of having a still* in possession. That is the only
theory the conviction can be based upon because Offi-
cer Martin states that he only saw appellant there, bend-
ing over in front of the fire, and never saw him do any-
thing that even by inference would denote ownership
or possession.

If the indictment against appellant had been for man-
ufacturing whiskey, the state would have made out a
better case, but even in that event, the testimony would
have been insufficient to warrant a conviction. *Powers
v. State,* 124 Miss. 425.

Under the statute making it an offense to have whiskey
in one's possession, it was held that actual possession
for the purpose of taking a drink of whiskey was not a
violation of the law. *Brazeale* v. *State,* 97 So. 525; *Har-
ness* v. *State,* 130 Miss. 673; *Anderson* v. *State,* 96 So.
163.

By the same rule of reason it can be said that the stat-
ute applying in the case at bar, the possession contemplat-
ed by the statute is of a more substantial character than
merely presence at a still. See *Stribling* v. *State,* 86 So.
897.

This judgment should be reversed and the appellant
discharged.

*Rufus Creekmore,* Special Assistant Attorney-General,
for the state.

The only question is whether or not the evidence is suffi-
cient to sustain the conviction. That the defendant was
present at the still was a fact determined by the jury
verdict of guilty. It being conceded that he was pres-
ent, the question arises as to whether there was then suf-

ficient evidence to show the still to be in his possession or that he exercised any control over it. On this point the testimony shows him to have been immediately in front of the fire and bending over it. Why was he there? The mash had just begun to boil and no whiskey had been made at that time, so he could not have been there for the purpose of getting a drink of whiskey. And then if he was innocent why did he run when he heard the noise made by the officers? As counsel stated in his brief, it is true that these circumstances do not of themselves make the defendant guilty, but when taken in connection with other facts shown by the record, they are sufficient to sustain the conviction.

The Powers case cited by counsel is not applicable to the case at bar. In that case the state obtained an instruction to the effect that the jury could find the defendant guilty if it believed beyond a reasonable doubt that he *knowingly consented* to the distilling of liquor. Such an instruction is manifestly erroneous. The decision in that case in no way touched on the question of the sufficiency of the evidence to sustain the conviction.

The cases of *Brazeale* v. *State,* 97 So. 525; *Harness* v. *State,* 130 Miss. 673, and *Anderson* v. *State,* 96 So. 163, cited by counsel are not in point. They merely lay down the rule that in order to sustain a conviction for the possession of intoxicating liquor the possession must be substantial and not fleeting or shadowy.

For cases where the evidence, though relatively weak, was held sufficient to sustain the conviction, see: *Reynolds* v. *State,* 101 So. 485; *Kidd* v. *State,* 102 So. 68; *Evans* v. *State,* 98 So. 440.

Following the ruling in these cases the evidence is amply sufficient to sustain the conviction and the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of having a still in his possession. The appeal is prosecuted

upon the theory that the evidence is insufficient to sustain a conviction.

The testimony for the state was by a deputy sheriff who arrested the appellant, and he testified that a Mr. Nabors and himself found a still on a Mr. Mitchell's place, and that the defendant, Huie Medlin, was there at the still. He further testified that he identified Medlin by a light shining upon his face when bending over at the still; that he thought there were two other parties present—he knew that there were other persons present at the still, and thought there were two of them, but that he could not state who they were, as it was night, and in trying to get into a position where he could identify these parties at the still that he made a noise, and that the parties ran away; that he went on up to Jim Hall's house, not far from where the still was; that he had a search warrant to search Hall's house, and that he found the defendant undressed, lying on a pile of cotton in a room to the house, that the appellant's shoes, also his pants legs, showed he had been out in the dew; that he thought that Medlin was nervous; that he was undressed and was either asleep or pretended to be asleep when he went into the house; that he said but little at the time, but told the witness that he had just come in from the skating rink. He also testified that he found a complete still in Hall's house, in the room where the appellant was. He testified further that the still down on the river side was in operation; that he destroyed it; and that it showed that it had been in operation. There was nothing to indicate that the still which was found in Hall's house had been operated.

At the conclusion of this evidence on the part of the state, a motion for a directed verdict was made, which was overruled, whereupon the defendant moved to require the state to elect upon which still it would rely to sustain the charge, and the state chose to rely upon the one in the woods near the river.

The defendant's testimony was to the effect that he was boarding at Hall's house; had just come into town and obtained a position with the light plant at New Albany, and had worked there on Monday, the arrest having occurred Monday night; that he had not been there prior to Saturday, but that he had formerly boarded with Hall. He further testified that on the night of the arrest some person named by him came by, and that they went to the picture show and from there to the skating rink, and had returned to the house about 10:30, and that he went to sleep. He denied having been at the still. He was supported in his testimony by the person named by him, and also in part of his testimony by Mr. Hall and his wife, who testified that he came there on Saturday, secured board and a position, returned to his home, about eight miles up the river, Sunday, and came back Sunday night; that he worked at the light plant; that he ate supper at their home and left with the person named by the appellant, to go to the picture show; and that he returned about 10:30, and was asleep when the deputy sheriff came to the place.

Of course, the testimony of the deputy sheriff must be accepted as true for the purpose of this decision; he having testified to his identification of the appellant. But conceding all that the deputy sheriff testified to, we think the state failed to prove its case. There is nothing to show ownership or control of the still by the appellant, nor did he do anything, so far as seen by the deputy sheriff, that would indicate that he was exercising any control over the still. The still was upon the land of another person, and the deputy sheriff's testimony shows that other persons were present at the still. There is nothing to show that the appellant had any connection with the ownership of the still, or that he had anything to do with placing it where it was located.

This case is controlled by *Powers* v. *State,* 124 Miss. 425, 86 So. 862. See, also, *Brazeale* v. *State,* 133 Miss.

171, 97 So. 525; *Harness* v. *State,* 130 Miss. 673, 97 So. 65; *Anderson* v. *State,* 132 Miss. 147, 96 So. 163.

It follows that the motion to exclude the evidence should have been sustained, and a verdict directed for the appellant.

The judgment of the lower court will therefore be reversed, and appellant discharged.

*Reversed, and appellant discharged.*