## COLBAUGH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
November 17, 1926.)

No. 7408.

1. **Criminal law** ⊕⚏1044, 1054(3)—Question of sufficiency of evidence held properly raised and preserved for review by demurrer to evidence and motion for verdict.

Question of sufficiency of evidence *held* properly raised and preserved for review by demurrer to evidence at close of government's case, and motion for directed verdict at close of all evidence, and exception to denial thereof.

2. **Criminal law** ⊕⚏1036(8)—Circuit Court of Appeals may consider sufficiency of evidence sua sponte.

Circuit Court of Appeals may consider sufficiency of evidence to show guilt sua sponte.

3. **Indians** ⊕⚏38(5)—Evidence held insufficient to sustain conviction for possessing whisky in Indian country.

Conviction for possessing whisky in Indian country *held* not sustained by evidence.

4. **Criminal law** ⊕⚏304(2)—Courts do not judicially know that no one would drive six miles for a drink of liquor.

Judicial notice will not be taken that no one would drive six miles for a drink of intoxicating liquor.

5. **Criminal law** ⊕⚏560—Conviction may not be had on mere suspicion.

Law forbids conviction of a crime on mere suspicion.

6. **Intoxicating liquors** ⊕⚏139—Taking drink at owner's invitation does not constitute criminal "possession."

Taking a drink of intoxicating liquor on invitation of owner thereof does not constitute criminal "possession."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

7. **Intoxicating liquors** ⊕⚏139—Criminal possession requires more than knowledge of possession in another.

Criminal possession of intoxicating liquor requires more than knowledge of possession in another, absent power of disposal, either sole or joint.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Fate Colbaugh was convicted of possessing whisky in an Indian country, and he brings error. Reversed and remanded for a new trial.

C. B. Stuart, of Oklahoma City, Okl., and Charles A. Coakley and E. J. Doerner, both of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl.

Before LEWIS, Circuit Judge, and MUNGER and FARIS, District Judges.

FARIS, District Judge. Defendant, sentenced to the penitentiary for two years and to pay a fine of $300 on his conviction for possessing whisky in an Indian country, sued out this writ of error to reverse such conviction.

[1, 2] The only error properly preserved, or seriously relied on, is that the evidence was insufficient to show defendant's guilt. Counsel for the government rather vaguely suggests that such error cannot be urged or relied on, because it was not properly preserved in the trial court. The record on which this suggestion is bottomed is against the government. At the close of the evidence for the government, counsel for the defendant, concededly in an inartificial manner and form, demurred to the same "for the reason that the inference, deductions, and conclusions do not state facts sufficient to base a conviction." The trial court, however, understood what counsel meant by the above language, and overruled the objection, and defendant excepted. Again, at the close of all of the evidence, counsel for defendant said: "The defendants at this time move the court to instruct the jury to return a verdict of not guilty." This request the court denied, and defendant excepted. It is idle, therefore, to contend that the record does not show that the question of the lack of evidence to sustain the verdict was raised below and sufficiently preserved for review here. Moreover this court may notice an error of this kind and magnitude sua sponte.

[3] Attending, now, to the merits of the question touching the alleged insufficiency of the evidence: The evidence discloses that the attention of the officers, who made the arrest and who testified on the trial, was called to defendant and one Cope, who was jointly tried with him, by the action of certain Indians who seemed to be drunk, and who were, when met some half a mile away from the place where defendant was found and arrested, seen to throw away an empty bottle which had contained whisky. The officers followed the back trail of the car in which these Indians were riding, and, on coming up to the place where these Indians inferentially had been, defendant and Cope were found there, and Cope was observed to break a bottle which, the witnesses say, contained whisky.

Some four or five other broken bottles which had contained whisky were seen about this place, which had the appearance, from refuse and débris scattered thereabouts and from its trampled appearance, of having been the place of resort of a number of persons. Defendant was not seen in manual possession of any whisky at any time, nor was any found on his person when arrested, or in the automobile in which defendant and Cope had driven to this place. When the officers came up, defendant started towards the car, but was stopped before reaching it and put under arrest. It rather indefinitely appeared, but concededly in a sufficient way, that Cope was employed by defendant in some undisclosed capacity about a pool hall which defendant operated. The theory of the government is that defendant and Cope had been engaged in selling whisky to these Indians and others; but, when searched, no money, so far as the record discloses, was found on either of them.

Beyond the facts of defendant's presence at this place, that he started toward the automobile when the officers came up, that he had come to this place in an automobile with Cope, and that Cope, who broke the bottle of whisky, was in defendant's employ in a seemingly lawful business, not pertaining to the sale of liquor, there was no evidence of defendant's guilt.

[4] It is scarcely important to say that Cope in defense said that the whisky was his; that he had bought this bottle of whisky on the preceding day, had drunk therefrom, and had hid the balance; that on the morning of the arrest, which was Sunday, he and defendant had driven some six miles in order to retrieve and drink the remainder, and that he and defendant had not been at the place where they were arrested long enough to consummate this purpose. The government insists that the condition of defendant's car, in that the radiator was cold, contradicted the latter assertion, and that the explanation made, corroborated in substance by defendant, is incredible; because, they insist, no one would drive six miles for a

drink. There is no evidence, expert or otherwise, on this insistence, however, and it is not one of which judicial notice may be taken. However, as forecast, the point is not whether the explanation of defendant and his witness is sufficient to rebut the evidence, or theory of the government, but whether, unrebutted, the evidence of the government was sufficient to convict.

[5-7] We are of opinion that it was not. At most, the inference to be drawn from all of the facts and circumstances proven creates a suspicion of defendant's guilt only, and the law forbids conviction of a crime upon mere suspicion. Besides, the circumstances are just as consistent with defendant's innocence as they are with his guilt; at least, he is not shown to have done anything that a wholly innocent man might not have done under similar circumstances. Siden v. United States (C. C. A.) 9 F.(2d) 241. The evidence does not even show that defendant had, or had ever had, such possession of the bottle of whisky as is connoted by merely taking a drink therefrom upon invitation of the owner of the whisky; on the contrary, the evidence is uncontradicted that defendant was arrested before he took the drink, for which he says he had gone to the place of arrest. Even if he had, the weight of the authorities is that such fact does not constitute criminal possession. Brazeale v. State, 133 Miss. 171, 97 So. 525; State v. Munson, 111 Kan. 318, 206 P. 749; Sizemore v. Com., 202 Ky. 273, 259 S. W. 337; Harness v. State, 130 Miss. 673, 95 So. 64; Anderson v. State, 132 Miss. 147, 96 So. 163; People v. Ninehouse, 227 Mich. 480, 198 N. W. 973; State v. Jones, 114 Wash. 144, 194 P. 585.

Possession of liquor, as of other instruments and fruits of crime, involves knowledge, dominion, and control, with plenary power of disposal in the alleged possessor. Grantello v. U. S. (C. C. A.) 3 F.(2d) 117; Patrilo v. United States (C. C. A.) 7 F.(2d) 804. Absent the power of disposal, either sole or joint, with Cope, the mere fact that defendant knew Cope had the whisky would not make defendant guilty, since criminal possession requires more than knowledge of possession in another. Patrilo v. United States, supra; People v. Archer, 220 Mich. 552, 190 N. W. 622; People v. Germaine, 234 Mich. 623, 208 N. W. 705.

We are of opinion that the court erred in refusing to charge the jury, as requested by counsel, to find defendant not guilty, and for this error the case will be reversed and remanded for a new trial.