RICKS v. STATE.*

(Division B.   March 14, 1927.)

[111 So. 752.   No. 26197.]

1. INTOXICATING LIQUORS. *Carrying another's bottle of whisky into another room to take drink is not "controlling or possession" liquor, within meaning of statute.*

Carrying of a bottle of whisky owned and controlled by another from one room into another room, for purpose of taking a drink,

is not violation of statute denouncing as a crime having, "controlling, or possessing" of intoxicating liquor, since it does not constitute control or possession of liquor, in the sense of the statute.

2. Statutes. *Criminal statute is to be strictly construed in favor of defendant, charged with violation thereof.*

A criminal statute is to be strictly construed in favor of defendant, charged with violating it, and act charged as constituting crime must come within meaning and language of statute.

---

*Corpus Juris-Cyc References: Criminal Law, 17CJ, p. 350, n. 7; p. 351, n. 41; Intoxicating Liquors, 33CJ, p. 584, n. 75; p. 585, n. 98; Statutes, 36Cyc, p. 1173, n. 64; p. 1183, n. 46; p. 1186, n. 49.

Appeal from circuit court of Perry county.

Hon. R. S. Hall, Judge.

Jake Ricks was convicted of possessing intoxicating liquor, and he appeals. Reversed and remanded.

*A. T. L. Watkins,* for appellant.

The court told the jury in the second instruction that "If you believe beyond a reasonable doubt (not from the evidence) that the defendant, on the occasion in evidence took the bottle and carried the same from the kitchen into the room, where the witness John Blake Bolton was and that said bottle contained intoxicating liquor and defendant knew this, then under the law he is guilty and it is your duty to convict him." This instruction conflicts with *Brazeale* v. *State,* 97 So. 525. The possession or control must be substantial and not fleeting. See 96 So. 163; 95 So. 64.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Instruction No. 2 is a correct statement of the law and it is supported by the testimony of the state witnesses and also by the testimony of the defendant himself. If the defendant in fact took the liquor into his possession

in the kitchen and carried it into the other room and gave it to Mr. Bolton, he was guilty of having intoxicating liquor in his possession. His testimony shows that he had the liquor in his possession for the purpose of carrying it to Mr. Bolton and not merely for the purpose of taking a drink. The judgment of the trial court should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Perry county of possessing intoxicating liquor, and fined two hundred dollars and sentenced to thirty days in prison. From that judgment, appellant prosecutes this appeal.

The appellant testified, in his own behalf, that he went to the home of the witness John Bolton; that he found a bottle of whisky sitting on the table in the kitchen of Bolton's home, which bottle of whiskey belonged to Bolton and not to appellant; that Sallie Bolton, the wife of John Bolton, was in the kitchen; that John Bolton was in another room; that he asked Bolton's wife what was in the bottle, and she replied that it was whisky, and suggested that he take the bottle in John's room; that thereupon he picked the bottle up, took it into the room where John Bolton was, and they together drank part of its contents.

The appellant complains of the action of the trial court in giving an instruction for the state and refusing one requested by the appellant. By the instruction in question, given for the state, the court told the jury that, if the evidence showed beyond reasonable doubt that the appellant took the bottle of whisky and carried it from the kitchen into the room where John Bolton was, and that appellant knew that the bottle contained whisky, they should return a verdict of guilty. The instruction requested by appellant, and refused by the court, is in this language:

"The court instructs the jury, for the defendant, that if you believe from the evidence the defendant had the

whisky in his hand only for the purpose of taking a drink, under the law he is not guilty of possessing it, and if you so believe it will be your duty to return a verdict of not guilty.''

The statute denounces as a crime the having, controlling, or possessing of intoxicating liquor. The carrying of a bottle of whisky owned and controlled by another from one room into another room, for the purpose alone of taking a drink, is not a violation of the statute. That does not constitute having, controlling, or possessing the liquor, in the sense of the statute. A criminal statute is to be strictly construed, in favor of the defendant charged with violating it. The act charged as constituting the crime must come within the language and meaning of the statute. If the testimony of the appellant was true, he was not guilty of the crime of which he was charged. The question of whether his testimony was true was not submitted to the jury. Appellant was entitled to have it submitted to the jury. *Brazeale* v. *State,* 133 Miss. 171, 97 So. 525; *Harness* v. *State,* 130 Miss. 673, 95 So. 64; *Anderson* v. *State,* 132 Miss. 147, 96 So. 163.

The trial court, therefore, erred in the giving of the instruction complained of for the state, and in refusing the above instruction requested by the appellant.

*Reversed and remanded.*