PEOPLE *v.* LANGE.

INTOXICATING LIQUORS—UNLAWFUL POSSESSION—INSTRUCTIONS AS TO DUTY TO CONVICT.

　　In a prosecution for illegal possession of intoxicating liquors, where it was undisputed that a large quantity of beer was in defendant's house and was being dispensed by some one to the persons who were drinking it when the search was made, but defendant claimed that possession was in her husband, who was absent at the time, an instruction by the trial judge that it was the duty of the jury to convict is approved by an equally divided court, and conviction affirmed.

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted January 13, 1927. (Docket No. 158.) Decided May 3, 1927. Rehearing denied June 6, 1927.

Clara Lange was convicted of violating the liquor law. Affirmed by an equally divided court.

*Wetmore & Bagley,* for appellant.

*William W. Potter,* Attorney General, *R. Glen Dunn,* Prosecuting Attorney, and *Robert H. Dunn,* Assistant Prosecuting Attorney, for the people.

SNOW, J. Defendant is the wife of Frank Lange with whom she lives at 924 Manz street, Muskegon Heights. Under authority of a search warrant their home was searched by officers who found therein 296 pints of beer and a small quantity of moonshine whisky. At the time of the search Frank Lange was not there, but the defendant was, as were also a number of others seated at tables and drinking beer, a considerable quantity of which was much in evidence.

---

Criminal Law, 16 C. J. § 2301; 17 C. J. § 3743.

Defendant claims the possession of the beer was not in her, but in her husband, who was at the time of the search away from home. It is true that simple knowledge on her part that he had this beer there would not alone and of itself render her guilty of unlawfully possessing it. *People* v. *Archer,* 220 Mich. 552. But she was, to all appearances, temporarily or otherwise in full and complete charge and control of the premises, and in her husband's absence some one must have been dispensing it to the thirsty patrons. If this is true, it cannot be said that she was not in actual possession. Her possession therefore was a question of fact for the jury under all the circumstances to determine.

It is unquestioned that the moonshine found by the officers was brought into the house by a man named Mathews, who was ordered to take it away by the defendant as soon as she discovered it. But, against her objection, he left it on the table where he had placed it, and ran away when the officers appeared. The defendant was not to blame for this, and under the undisputed evidence was not guilty of possessing the whisky, and the jury should have been so instructed. But the trial judge erroneously directed as follows:

"Something was said in the evidence, gentlemen, that this moonshine liquor that was found by the officers there in the kitchen belonged to Nan Mathews. Gentlemen, it is true, and I charge you that Mrs. Lange had no business having that intoxicating liquor, that moonshine whisky, in that house; even though it belonged to Nan Mathews she had no business to leave it there. That house was in her charge evidently, from the testimony of the witnesses here at that particular moment, and if this liquor was there, even though it belonged to Nan Mathews, she had no business to leave it there in the house. She could have thrown it out; she could have done that. No person has any business having control of intoxicating liquor on their premises. It is my opinion that,

from the undisputed evidence in this case, this respondent is guilty of having intoxicating liquor in her possession, and I so charge you."

For the error pointed out, the case should be reversed and a new trial granted.

BIRD, FELLOWS, and WIEST, JJ., concurred with SNOW, J.

SHARPE, C. J. The facts in this case are not in dispute. The defendant did not testify; neither did Nan Mathews, to whom it is said the bottle of moonshine, found on the table, belonged. When the officers reached the house, there were ten or more persons therein, with bottles of beer, partly full, in their possession. Some had glasses in their hands, and were drinking. Two hundred and ninety-six pint bottles of beer were found in a room adjoining the kitchen.

Eliminating the proof relating to the bottle of whisky, in my opinion the trial court was justified in his instruction to the jury that it was their duty to convict the defendant. The verdict rendered should not be disturbed.

The exceptions are overruled. The trial court will proceed to sentence.

STEERE, CLARK, and McDONALD, JJ., concurred with SHARPE, C. J.