## ADAIR *v.* STATE.*

(Division B.    Oct. 31, 1927.)

[114 So. 345.   No. 26765.]

INTOXICATING LIQUORS. *That liquor belonged to drunken person whom accused was helping home held no defense to prosecution for possession thereof (Hemingway's Code 1927, section 2235 et seq.).*

Where a person has possession and control of intoxicating liquors, under the statute denouncing such possession as a crime, it is no defense to show in the prosecution therefor that such liquor belonged to a drunken person whom the accused was assisting to his home, because such person is under no obligation to transport the whisky for such person, and such possession violates the statute.

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, p. 585, n. 99; p. 761, n. 53.

APPEAL from circuit court of Union county.
HON. T. E. PEGRAM, Judge.
Joe Adair was convicted of the unlawful possession of intoxicating liquor, and he appeals. Affirmed.

*Baxter N. Knox,* for appellant.

This case is almost identical with the facts, and the effect of the court's instructions in the two cases is parallel, the case at bar and the case of *Ricks* v. *State,* 111 So. 752. The Ricks case reaffirms the law as stated in *Brazeale* v. *State,* 133 Miss. 171; *Hartness* v. *State,* 130 Miss. 673; *Anderson* v. *State,* 132 Miss. 147; *Wiggington* v. *State,* 136 Miss. 825. The lower court should have granted the peremptory instruction asked for by the defendant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The statute makes it unlawful for a person to have in his possession intoxicating liquor. This court has held that the ownership of the liquor is immaterial; that after the defendant has the liquor in his possession and the state proves this fact, the case is made out and the verdict of the jury will stand. This testimony is conclusive that the appellant had the whisky in his possession and that he was exercising control and ownership of the whisky.

The cases cited by appellant are not in point and are not contrary to the proposition of law laid down in *Anderson* v. *State,* 132 Miss. 147.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of the unlawful possession of intoxicating liquors and duly sentenced therefor.

The state introduced, first, a witness by the name of Carlile, who testified that he went to the field where the appellant was working, and that the appellant gave him a drink of whisky from a bottle which he had near by in the field where he was working; that they drank together and he, the witness, became intoxicated and did not remember what happened subsequently.

The state then introduced a witness named Gresham, and he testified that while at the house of Henry Patterson, appellant came up with a bottle of whisky and offered him a drink, but that he refused to take it; that he gave Patterson, a negro, a drink from a quart bottle. The negro, Patterson, testified to the same effect.

Mrs. Adair, wife of the appellant, was introduced as a witness, and testified that Carlile came to their place and into the field where she and her husband were working; that she saw him with a bottle of whisky, and

148 Miss.—17.

he acted as if he were drunk; that he offered her husband a drink, but that he did not take any whisky.

The appellant offered another witness, Edna Adair, and she testified that Carlile came down in the field where her mother and father were picking cotton; that he was drunk, and that she saw a bottle of whisky in his pocket; that she saw Carlile and her father take a drink from the bottle; but that she never saw any other whisky except that which Carlile had. The justice of peace was introduced, and he testified that the negro, Henry Patterson, testified in the justice of the peace court that he never saw any whisky.

The appellant testified in his own behalf, stating that his wife and children were with him in the field picking cotton when Carlile came to the field, in a very drunken condition; that Carlile suggested that they get behind a bush and take a drink, and he said, "We can walk up the road a little piece," which they did, and took a drink together; that the appellant himself did not have any whisky; that Carlile was in such a drunken condition that he fell off his horse; that on account of Carlile's drunken condition and his request to see him home, he took him on the way home by a shorter way; and that he took his whisky out of his pocket. He denied giving the witness, Patterson, a drink of whisky, and stated that the whisky belonged to Carlile, and not to him; that he took the liquor away from Carlile to prevent him from drinking any more; that it was cold, and that he did not want to leave him to freeze; and that he had nothing to do with the liquor with the exception of drinking some of it.

The testimony for the state was admitted without objection; and at the end of all the testimony, the appellant, the defendant, moved the court to require the state to elect upon what occasion the state relied for a conviction—whether upon the facts testified to by Carlile which took place in the field, or the facts testified to by the witnesses Gresham and Patterson. The state then

elected to rely upon the occasion when the appellant gave the drink of liquor to Patterson in the presence of the other witness, and thereupon the case was submitted to the jury which returned a verdict of guilty as charged.

It is argued that the evidence is insufficient to support a conviction under the authority of *Brazeale* v. *State,* 133 Miss. 171, 97 So. 525; *Harness* v. *State,* 130 Miss. 673, 95 So. 64; *Anderson* v. *State,* 132 Miss. 147, 96 So. 163; and *Wigginton* v. *State,* 136 Miss. 825, 101 So. 856. In our opinion, these cases have no application here. From the appellant's testimony, it is shown that he took the whisky off of Carlile's person, when taking him home, and carried it a long way, and that Carlile was ''beastly'' drunk on said occasion. We think the facts stated show that the appellant was in possession and control of the whisky during this period, and that such possession violates the statute. Hemingway's Code 1927, section 2235 *et seq.* Consequently, the judgment will be affirmed.

*Affirmed.*