WYLIE *v.* STATE.*

(Division A.   Jan. 14, 1929.)

[119 So. 825.   No. 27581.]

---

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, section 479, p. 744, n. 2; section 505, p. 761, n. 53; section 553, p. 797, n. 39.

*Goss & Goss,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

McGowen. J. Wylie, appellant here, was convicted in the circuit court of Marion county on a charge of having in his possession intoxicating liquor, and prosecutes an appeal to this court.

The sheriff of the county made an affidavit and obtained a search warrant authorizing a search of appellant's house and premises for intoxicating liquor, stating in such affidavit that he had information that appellant had about one pint of whisky in his home. He went to the home of appellant, and, finding him away from home, served the search warrant on appellant's wife and proceeded to search the home, finding in said home in a clothes box a bottle of intoxicating liquor, about one-half pint. His testimony was corroborated by the deputy sheriff. One of the witnesses testified that the bottle contained "moonshine whiskey." To be exact, the deputy sheriff said that the stuff was "white lightning whisky." The defendant rested his case without offering any evidence, and requested an instruction to the effect that, before the jury could convict appellant, they must find that he had immediate and present control over the liquor, and that he had exclusive juris-

diction over it at the time the officer searched his premises, which instruction was refused by the court; and his assignment of error here is presumably addressed to the refusal of the court to grant this instruction.

Appellant argues here that the possession of intoxicating liquor must be substantial and must be conscious possession by the accused, citing the cases of *Anderson* v. *State,* 132 Miss. 147, 96 So. 163, *Brazeale* v. *State,* 133 Miss. 171, 97 So. 525, and *Harness* v. *State,* 130 Miss. 673, 95 So. 64. Relative to these cases it is sufficient to say that each differs in its facts from the case at bar. They are cases where the owner of the whisky was giving his companions a drink of whisky, and this court held that the momentary holding of whisky, in the hands of the drinker did not constitute, on the part of the man taking a drink, a violation of the law against the possession of intoxicating liquor; that the mere holding of the bottle in the hands of a guest was not conscious possession of whiskey.

In the case at bar we have a case where the only people shown to be occupying the home of the defendant were himself and his wife. It is perhaps true that the wife may also have been guilty of having intoxicating liquors in her possession, and it is likewise true that perhaps both of them might have been jointly indicted and convicted. That would have depended upon proof as to possession as between husband and wife, not necessary to discuss here, nor is that point decided. It is certain that the husband was properly convicted of having intoxicating liquor in his possession.

The strongest view that could be taken of the facts for the appellant is that the whisky was in the joint possession of husband and wife. In that view of the case, *prima facie,* the presumption is that it was under the control of the husband. Notwithstanding our statutes removing the disability of coverture, we still recognize the husband as the head of his household. The husband

is still required to pay to the wife alimony in proper cases. In legal contemplation, the husband is still the responsible party, in control of his premises. See 33 C. J. 744, note 2, and 30 C. J. 578, section 109. This presumption of possession as between husband and wife in the home of the husband is a rebuttable presumption, not conclusive, but, in this case, there was no effort on the part of the appellant to rebut it.

In the case of *Wampler et al.* v. *Corporation of Norton*, 134 Va. 606, 113 S. E. 733, the supreme court of Virginia, in discussing the statute making the occupant, proprietor, or other person in charge of premises where intoxicating liquor is found guilty of the crime, that court said:

"None of the many progressive changes made by the laws of this state in respect to marital rights has gone so far as to destroy the theoretical *status* of the husband as the responsible and authoritative head of the family and director of conditions in the home. In the absence of proof to the contrary, therefore, he is to be regarded as the 'person in charge' of the home within the contemplation of the statute and corresponding city ordinance."

In that case the court held that the husband was guilty of violating a city ordinance, but further held that the wife could not be convicted upon proof of mere finding of liquor on the premises where she and her husband jointly made their home, no matter to whom the premises belonged, and affirmed the case as to the husband, but reversed it for a new trial as to the wife. Also, see *Moore* v. *Commonwealth*, from the same court, in 132 Va. 738, 111 S. E., at page 127.

We have considered the instant case with reference to the case of *Williams* v. *State* (Miss.) not officially reported, but found in 98 So. at page 107, which is more nearly in point than any case we have found. The state's testimony was to the effect that the officers, upon a

search of appellant's dwelling, found in the kitchen a lard tub with some corn mash in it, with just a little beer in the mash. There was also found a bottle in which there was about one or two tablespoons of whisky. The whisky appeared to be "moonshine." Under the house they found implements, and on a cot in the house they found a pipe. These implements were disconnected and appeared to be smoke-stained. Put together they would constitute a still upon which moonshine whisky could be made. The implements had the appearance of the still having been operated. The appellant was away from home a good portion of his time day and night. The appellant denied owning the still, but admitted that some parts of it were about his house and that he knew thereof before his arrest. The wife told where the pipe was to be found on the cot. She testified that a brother of appellant brought the pipes to her house. The facts were offered to substantiate a requirement for manufacturing intoxicating liquors. It was not unlawful, at at that time, to have in possession the component parts of a still, but it was unlawful to have in possession whisky. Judge Sykes, in rendering the opinion of the court, said:

"From this testimony, it is very doubtful whether or not a jury could infer that this still had been in operation in the appellant's home and whisky made on it. Even if this inference could be drawn, it is just as probable to infer therefrom that the wife of appellant had operated it as to infer that appellant had. In fact, this inference would be more probable under the testimony, because it appears that appellant did not know where the pipe was concealed, but that the wife did."

This case is distinguished from the case at bar in that the manufacturing of whisky requires on the part of defendant, either in person or by conspiracy with another, performing some overt act, or having some overt act performed in his stead and for him. In the *Williams Case,*

*supra*, the proof wholly failed to show that any whisky was ever manufactured in the defendant's home, and we think the case is clearly distinguished from the case at bar.

Counsel for appellant feebly urges that the sentence of the court below that the appellant pay a fine of two hundred and fifty dollars and serve thirty days in the county jail is excessive and is a greater punishment than the law contemplates. There is no merit in this contention. Section 2, chapter 189, Laws of 1918, provides that "it shall be unlawful for any person . . . to have, control or possess in this state . . . any of the liquors mentioned in section 1 of this act, whether intended for personal use or otherwise." Section 2 of this act makes it unlawful to have intoxicating liquors in possession. Section 17, chapter 189, Laws of 1918, is plain, and the material part of it is as follows: "Any person . . . violating any of the provisions of this act . . . shall, upon conviction, be punished by a fine of not less than one hundred dollars and *not more than five hundred dollars . . . or by imprisonment in the county jail not more than thirty days or by both such fine and imprisonment.*" (Italics ours.)

There is no error in the sentence imposed by the court, which is within the terms of this statute.

*Affirmed.*