GARLAND *v.* STATE.

(Division B. March 13, 1933.)

[146 So. 637. No. 30300.]

**C. O. Jaap**, of Jackson, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted of the crime of unlawfully possessing intoxicating liquor and fined in the sum of one hundred dollars. From that judgment she prosecutes this appeal.

Two deputy sheriffs of Hinds county and a police officer of the city of Jackson, with a proper search warrant, entered the home occupied by appellant and her husband. They testified that on their arrival they found appellant breaking a jug containing whisky.

Appellant as a witness in her own behalf admitted the truth of the testimony of the officers. Her defense was that she did not unlawfully possess the whisky; that it belonged to her husband; that he possessed it. She testified that she and her husband, Odell Garland, were man and wife and the owners of the home searched; that she objected to her husband having whisky in the home, but he kept it notwithstanding her protests; that a few minutes before the search was made by the officers a negro boy brought a jug of whisky to her home and stated that it was for her husband; that she insisted that the boy take the whisky away, but instead of doing so he set the jug down on the floor and ran off; and that when the officers came to make the search she seized the jug, ran to the back door, and threw it out on the steps and broke it.

Dorsey, a witness for appellant, corroborated her testimony. He testified that he was present when the search was made; that he was in the Garland home to see appellant's husband in reference to doing some work on the home; that while he was awaiting the return of appellant's husband from work, a negro boy entered with a package; that appellant met him at the door and asked him what he had, to which he replied, "Some whisky for Odell Garland;" that appellant then demanded that he take the whisky away, which the boy declined to do; that later the officers arrived to make the search, and appellant seized the jug of liquor and went to the back room; and that he could not see what disposition she made of it.

The court refused appellant's request for a directed verdict. That action of the court is assigned and argued as error. We are of opinion that the request should have been granted.

To start with, appellant was entitled to the prima-facie presumption that the possession of the liquor was that

of her husband. It was held in Wylie v. State, 151 Miss. 897, 119 So. 825, that the prima-facie presumption is that liquor in the joint possession of husband and wife is under the control of the husband; that in legal contemplation he is in control of the premises. It is true the evidence showed that appellant in trying to destroy the jug of whisky had the manual possession of it, but under the law it does not conclusively follow that such possession is unlawful.

In Harness v. State, 130 Miss. 673, 95 So. 64, the court held that a person not the owner, nor the original possessor of a bottle of whisky, but who merely attempted to hand the bottle from one person to another, was not guilty of unlawfully possessing the liquor. To the same effect is Brazeale v. State, 133 Miss. 171, 97 So. 525.

The possession contemplated by the statute as a crime is a guilty possession (Code 1930, section 1974). According to the uncontradicted evidence appellant had no such possession. Her possession was transitory; it was not based on either ownership or right to control. Her possession was for the sole purpose of putting an end to the unlawful possession of the liquor by her husband.

Reversed and judgment here.