## BEAL v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 20, 1929.

No. 8097.

Stone, Circuit Judge, dissenting.

H. C. Hargis and F. O. Yarbrough, both of Pawhuska, Okl., for plaintiff in error.

W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., and Harry Seaton, Asst. U. S. Atty., both of Tulsa, Okl., on the brief), for the United States.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

SYMES, District Judge. Plaintiff in error, defendant below, was indicted and convicted of the unlawful possession of liquor in Webb City, Osage county, Okl., "the place where said liquor was had, kept and possessed being in and upon Indian Country," and appeals.

The only question presented here is: Was the evidence sufficient to justify the verdict? The defendant raised this question by proper motion at the end of the government's case, and renewed at the close of all the evidence.

For the government a special Indian officer and two local deputy sheriffs testified that on the 4th of June, 1927, and for some time prior thereto, defendant, a resident of Webb City, Okl., was the owner and in possession of a certain garage, not used as such, located on North Main street; that at 8 o'clock in the evening of the day in question, they went to the premises under authority of a search warrant and found the building locked. They effected an entrance and found above a small compartment used as an office 3½ gallons of corn whisky; that the building contained several junked cars; that they then went to the home of the defendant about midnight and woke him up; that the defendant stated he was the owner of the building and in possession, and had the keys to it. No other person was found in the building.

The defendant testified: That the government agents were at his home on the night of June 4th. That he told them he knew nothing about any whisky being in the building, having been away for four or five days, and had returned that afternoon about 4 o'clock. That he went to the building and found the back door open, and entered accompanied by a man named Hawkins. They were there for 20 minutes, while he arranged with Hawkins for the latter to use the building beginning the next day, to paint an automobile. That while he was away from home a man named Smith had been using the building to paint some signs. That it had been unoccupied for two or three months prior to the 4th of June, except that he (the defendant) used it for his own car prior to the search.

Gyp Smith testified that he had possession of the building for several days prior to June 4th painting signs; that he had often found the door unlocked during that time; that he did not place any liquor in the building, did not see any there, and did not see any one go upstairs while he was there.

There is no conflict in the evidence, which makes a connected story. It appears that other parties had access to the garage, and that the door was not at all times locked. There is nothing to show that the defendant ever possessed liquor, or dealt in it in any way, or acted other than as a law-abiding citizen.

An owner of premises is, of course, under ordinary circumstances, responsible for what is found or occurs on his premises, but the facts disclosed here are exceptional, in that others had access to the premises, and defendant did not live there, or immediately adjoining, nor did he habitually use the garage. The premises were attractive to any one seeking a cache for liquor.

The government argument is that it is not the province of the appellate court to determine or pass upon the credibility of conflicting evidence, and that juries have unlimited discretion in the matter of accepting the testimony of one witness, or set of witnesses, as against all others. But this statement of law is not material here, as there is no conflict in the testimony. It is established in this circuit that where the evidence in a case is as consistent with innocence as with guilt a conviction cannot be sustained, and that unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused. Bishop v. U. S. (C. C. A.) 16 F.(2d) 410. It is just as reasonable to say that the liquor found was placed on the premises or possessed by one or more of the other parties admittedly using the garage, or by parties unknown as by the defendant. We think the government failed to prove its case beyond a reasonable doubt.

The judgment of conviction is set aside, and the case reversed and remanded.

STONE, Circuit Judge, dissents.