**ROGERS v. UNITED STATES.**

No. 2454.

Circuit Court of Appeals, Tenth Circuit.

July 14, 1942.

Harry Seaton, of Tulsa, Okl., for appellant.

Whit Y. Mauzy, U. S. Atty., and Joe W. Howard, Asst. U. S. Atty., both of Tulsa, Okl., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Gratt Rogers, appeals from a conviction and sentence for violation of the internal revenue laws of the United States (Section 2913, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 2913; 26 U.S.C.A. Int.Rev.Code, § 2803). The only question presented here is the sufficiency of the evidence to support the verdict of the jury.

The evidence discloses that the appellant was the operator of a night club on the outskirts of Bartlesville, Oklahoma, and on July 2, 1941, a number of officers visited the night club in search of intoxicating liquor. They followed a trail leading from the rear of the night club to an unimproved tract of ground, along which they found numerous empty whisky bottles, kegs and buckets, and other containers. A short distance from the night club, and near the appellant's garage, they found a quantity of non-tax paid whisky. One of the officers testified that while others were searching the premises, he was talking with the appellant when the appellant stated, "Oh, they found it." The officer looked in the direction of the searchers and saw one of them carrying a large sack. Rogers was asked, "Is that your whisky Gratt," and he stated, "No sir." In the appellant's garage, the officers found many bottles, washed and standing on end. Appellant testified that he had secured the bottles from an abandoned apartment house and intended to break

them. When asked by the court on the trial of the case why he washed them if he intended to break them, he did not answer.

At about daylight, on July 4, and while the officers were stationed at another night club, waiting for the expected delivery of a load of intoxicating liquor, Rogers drove up and without recognizing one of the officers, stated to him, "You know why I am needing whisky. No, you were not out the other day with them boys when they got my whisky."

Rogers contends that the verdict of the jury is based solely upon his extra-judicial statements, and that such evidence standing alone is insufficient to support a verdict of guilty.

■■ It is sufficient to say that the evidence does not rest alone upon the extra-judicial statements made by the appellant, but upon the facts and circumstances which surrounded the search of the premises, and the seizure of the whisky, and which was closely related to the incriminating statements. The evidence was wholly sufficient, and if believed by the jury, would support a verdict of guilty, Oldstein v. United States, 10 Cir., 99 F.2d 305, and it is not for this court to weigh the evidence or the circumstances which formed the setting in which it was developed. Colbaugh v. United States, 8 Cir., 15 F.2d 929; Philyaw v. United States, 8 Cir., 29 F.2d 225; Beal v. United States, 8 Cir., 32 F.2d 1002.

The judgment is affirmed.